DAVID O. SHATTUCK, Appellant, *v.* LINDSEY CARSON and ISRAEL BROCKMAN, Sheriff of Sonora County.

Where one has an outstanding deed, which improperly clouds the title of the true owner, on the application of the latter, chancery will order such deed to be cancelled and annulled.

So chancery, on like application, will interfere and prevent a sale, and the consequent execution of an improper deed.

APPEAL from the Seventh Judicial District of Sonora County.

The complaint set forth, that on the 9th day of February, 1852, the plaintiff purchased of one Griffith, a certain lot of land, for full consideration and *bona fide*, and refers to his deed for said lot; that an execution had issued from the District Court in the suit, Lindsey Carson *v.* J. A. Griffith, which has been levied on the same lot, and Griffith's interest therein was advertised for sale by the sheriff, on the 19th of June, 1852; that Griffith had no interest therein; and that said sale, if it should take place, would cast a cloud upon plaintiff's title. And that said land was exempt from execution, it being Griffith's homestead. Prayer for injunction against Brockman, sheriff, and Carson, to prevent the sheriff's sale; and a temporary injunction was granted by the Court.

The answer of Carson avers that Griffith's liability accrued before the expiration of thirty days from the passage of the exemption act, and denies that the purchase of plaintiff was *bona fide*, (as he believes,) and insists on a sale, &c.; leaving the purchaser under execution, to contest the right with the plaintiff afterwards.

The Court decided, that if the judgment debtor had no interest in the property, nothing would pass by the sheriff's sale, and until after sale, plaintiff had no ground of complaint, and gave judgment, denying the prayer and dissolving the injunction.

A motion for a new trial was made and refused, and plaintiff appealed.

*Sloan* and *Rhodes,* for appellant.

The only question is, whether the plaintiff had a right, before

a sale under the execution, to invoke the protection of the Court. After a sale by the sheriff, the plaintiff might maintain his action to set the sheriff's deed aside, as a cloud upon his title. Why, then, may not the Court interpose before sale, to prevent the evil? Pillet *v.* Shepherd, 5 Paige, 500; 5 Ham. O. Rep. 179; 2 Ohio Rep. 470; 3 ib. 72; 3 How. 463; 6 Paige, 262.

The opinion of the Court was delivered by HEYDENFELDT, Justice, with which MURRAY, Chief Justice, concurred.

It is a familiar practice, both in England and in this country, when one has an outstanding deed, which improperly clouds the title of the true owner of the land, for the latter to resort to Chancery, and there to have such deed cancelled and annulled. It may then well be asked, if the Court of Chancery will set aside such deed, why not interfere to prevent the sale, and the consequent execution of an improper deed? I see no reason against it; and it has been thus decided in New York, in the case of Petitt *v.* Shepherd, 5 Paige. In Ohio, in the case of Morton *v.* Beaver, 5 Ohio Reports. In Alabama, in the cases of Lyon *v.* Hunt, 11 Alabama Reports, and Burt *v.* Cassity, 12 Alabama Reports, and in other States the same doctrine prevails. It seems, therefore, clear, both upon authority and reason, that the complainant is entitled to the relief which he seeks, if he proves the truth of his allegations.

The judgment is reversed with costs, and the case remanded.