ABEL GUY, and others, Respondents, *v.* L. HERMANCE, and others, Appellants.

The right of the State to lands under water, where the tide ebbs and flows, is founded upon her sovereign control over the easement, or right of navigation.

Where this easement is destroyed, the right of the State ceases, except to prosecute for perpresture, and have the easement restored.

The Legislature cannot exercise judicial functions.

That portion of an Act prescribing that no injunction shall be issued against the Commissioners, appointed for the sale of the State interest within the water line, is invalid.

The right of a party to have his title to land protected from a sale which may create a cloud upon it, upheld.

APPEAL from the Superior Court of the City of San Francisco.

This was an appeal from an order granting an injunction restraining the defendants from selling certain property in the City of San Francisco. On the 18th day of May, 1853, the Legislature of California passed an Act entitled, "An act to provide for the sale of the interest of the State of California, in the property within the water line front of the City of San Francisco." The defendants, in pursuance with the terms of the Act, were duly appointed Commissioners, to examine into, and make sale of such interest ; and as such, advertised the property of the plaintiffs for sale, in order to satisfy whatever interest the State of California might have therein.

The case was submitted to a referee to report upon the facts ; who found that, at one time the land in dispute was for the most part below high water mark; but before the State of California was admitted into the Union, the same had been wholly reclaimed, and was covered with buildings, and a part used as public highways. That the title of the plaintiffs was derived from grants issued by Francisco Guerrero, and F. M. Leavenworth, Alcaldes of San Francisco, and that they were in possession of, and entitled to the premises. Upon this state of facts, the Court granted a perpetual injunction, as aforesaid.

• *George C. Bates*, for Appellants.

1. The Court had no jurisdiction to grant an injunction, or to interfere with the acts of the Commissioners, it being expressly forbidden by statute, and the judgment rendered is null and void. See Comp. Laws, p. 771, § 14. 7 Johns. Ch. 314. 13 Verm., 175. 2 Hill, 159.

2. The judgment rendered upon the report of the referee was erroneous, because the property was reclaimed by the plaintiffs without authority of law. Even admitting the report to be correct, the land belonged to the State, and not to the plaintiffs. 15 Howard, 426. 13 Ib., 26. 3 Ib., 212. 9 Ib., 477. 16 Peters., 367.

*Crockett* and *Page*, for Respondents.

1. The Legislature, in prescribing that no injunction should issue against the Commissioners, exceeded its authority. It cannot exercise *judicial* functions. The Governor *v.* Porter, 5 Humph, 165. Ogden *v.* Blackledge, 2 Cranch, 272. Ashley's case, 4 Pick. 23. The Legislature cannot grant an appeal, review, or new trial, in a case already decided. Lewis *v.* Webb, 2 Greenl., 326. Durham *v.* Lewiston, 4 Ib., 140. 1 N. H., 199. 2 Chipman, 77. 1 Aiken, 314.

2. The land in question having been reclaimed *before* the State of California was admitted into the Union, no title whatever can vest in the State. The authorities cited by the appellants sustain this proposition.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

1. The right of the State to lands under water where the tide ebbs and flows, is founded upon her sovereign control over the easement, or right of navigation. Where, therefore, the easement is destroyed, the right of the State ceases, except to prosecute for perpresture, and have the easement restored.

2. The Legislature cannot exercise judicial functions, and therefore cannot except one case, or one party, from the operation of a general rule of law, either as to right or remedy. That portion therefore of the Act of May, 1853, entitled, " An Act to provide for the sale of the interest of the State of California in the property within the water

line," &c., which prescribes that no injunction shall be issued against the Commissioners is invalid.

3. The right of a party to have his title to land protected from a sale which might create a cloud upon it, was upheld by this Court in the cases of Smith *v.* Morse, 2 Cal. 524. Shattuck *v.* Carson, 2 Cal. 588

Judgment affirmed.