BAYER, (UNITED STATES v.) See Cases Nos. 14,547 and 14,548.

## Case No. 1,134.

BAYERQUE v. COHEN et al.

[1 McAll. 113.][1]

Circuit Court, D. California. July Term, 1856.

QUIETING TITLE—JURISDICTION—PLEADING—DEMURRER—TITLE.

1. A demurrer admits the allegations of the bill for the purposes of a motion on the bill and demurrer.

2. The circuit courts will entertain a bill filed by one in prior possession, accompanied by title, to remove a cloud upon title.

3. Where a state law authorizes a party in possession of real estate to sue for a settlement of an adverse claim, the circuit courts will look to it in aid of their general chancery powers.

4. Although the laws of a state cannot affect the equity jurisdiction of the circuit courts, when the former afford rules as to what shall be deemed clouds on title, the circuit courts of equity, in the exercise of an ancient chancery jurisdiction, may remove such clouds.

[Cited in Griswold v. Bragg, 48 Fed. 520.]

[5. The bill sufficiently shows complainant's title to the land when it alleges that his grantors and he were legally seised by virtue of a grant from a former governor of the territory of California, and that they have had possession thereunder for seven years.]

[In equity. Bill by Bayerque against Jacob S. Cohen and others. Heard on demurrer to the bill. Overruled.]

This bill is filed, to remove a cloud from complainant's title, for the cancellation of a deed, and for an injunction. The bill alleges, that complainant is lawfully seized and in peaceable possession of certain real property described. That plaintiff, and those under whom he claims, derive title under a grant made by Juan B. Alvarado, at the time governor of the then territory of California, to one Manuel Garcia, under date of 10th July, 1839; and alleges that complainant, and those under whom he claims, have been in peaceable possession of the premises under said grant for a period last past of seven years and upwards. That on the 9th day of September, 1850, an act of congress was passed admitting California as a state into the Union. That at the time of said admission, the premises in dispute were above high-water mark, and had been since filled in and built upon by those under whom complainant claims. That Jackson street, on which the premises are situated, was, at the time of the admission of California into the Union, a public street of the city of San Francisco, and a thoroughfare; and the block of which the premises in dispute formed a part, was bounded by various public streets, the whole of which block had been wholly reclaimed from the waters of the bay, and built upon. That on the 18th of May, 1853, the legislature of this state passed an act, by which the gov-

[1] [Reported by Cutler McAllister, Esq.]

ernor of this state was authorized to appoint five commissioners to sell and dispose of the interest of the state to certain property therein mentioned. That in pursuance of said act, one "Hermance," and four others, were appointed said commissioners, to ascertain the extent of the State's interest in said property, and sell the same. That on the 10th of September, 1853, various persons, among them David Beck and Robert Elam, grantors under whom complainant claims, commenced an action in the superior court of the city of San Francisco against the said commissioners, praying that the water-mark or line through said premises, should be settled as it existed at the time of the admission of California into the Union, to fix what portion of the premises had been then reclaimed, and that said commissioners might be enjoined from selling any portion thereof. That judgment was obtained in said action; and on appeal therefrom, said judgment was affirmed by the supreme court of this state. That by said judgment it was decreed, that said premises (including those now in possession of complainant, and the subject of the present controversy), at the time of the admission of California into the Union, formed no part or portion of the shores or waters of the Bay of San Francisco; that prior thereto they had been reclaimed, and that the state of California had no title to the premises; and said commissioners were enjoined from selling any portion of the premises as belonging to the state of California. That on the 1st day of May, 1855, the legislature of this state passed an act, supplementary to the previous act of 18th May, 1853, whereby the governor, secretary, and comptroller of the state were constituted a board to dispose of the interest of the state in all the property of the state authorized to be sold by the preceding act of 18th May, 1853, remaining unsold, and by it, it was provided that the said board should supersede the commissioners appointed under the previous act, from and after the time when the official term of said commissioners should expire; and that said board was authorized by said act to appoint an agent or agents to attend, from time to time, all such sales. That one Jacob S. Cohen was appointed agent of said board; that said board appointed under the last-mentioned act, were the successors of the commissioners appointed under the act of 18th May, 1853, and their powers limited and controlled by that act. That said Cohen, well knowing the premises, caused a sale of the property; and upon such sale the board, on the 10th day of October, 1855, executed and delivered a deed for the premises to two of the defendants, Calloway and Coryell, the former of whom, on the 8th day of November following, conveyed to the latter his interest in the premises; which deeds were duly recorded. That said sale was fraudulent: that the conditions prescribed by the act of 18th May, 1853, were not observed; that no consideration was paid, the said Cohen crediting as a payment the amount of a judgment held against the state, which was a nullity, as so much paid by said purchasers. That said Cohen holds an interest in said sale by and through the purchasers. That by the terms of the act of the legislature under which said sale was made the deeds given by the said board to the two co-defendants, are made prima facie evidence of title and right of possession, and thus cloud the title of complainant. The bill concludes with a prayer for the cancellation of said deed, and for an injunction. To this bill a general demurrer was filed.

Parsons & Ganahl, for complainant.

Bigler, Thomas & Hempstead, for defendants.

McALLISTER, Circuit Judge. The demurrer filed to the bill in this case admits, so far as the present action of the court can extend, the facts alleged. Among these are the following: the legal seizin of the complainant; his peaceable possession of the premises in dispute, by himself and those under whom he holds, for upwards of seven years; that the premises had been reclaimed from the waters of the bay, prior to the admission of this state into the Union, and had been built upon and occupied by private persons, from some of whom the complainant claims; and which premises then formed a part of the city, bounded by public streets, and were above high-water mark. The demurrer also admits that those under whom complainant claims have heretofore obtained an injunction against the sale of the premises in dispute, upon the ground that the same formed no portion of the waters of the bay, and that the state held no interest in them. It further admits that such adjudication was, on appeal to the supreme court of this state, affirmed in all respects; that under a second act of the legislature of this state, directing a sale of its interest in said premises, a sale was made, and two of the defendants became the purchasers; that Jacob S. Cohen, who was agent of the state in the conduct of said sale, and also a defendant, is interested in the premises; that such sale was fraudulent, because no consideration was paid, and the conditions of the act of the legislature, under which said sale was made, were not complied with. Lastly, that a deed to consummate such fraudulent sale was made and delivered to the purchasers.

All the foregoing facts being admitted by the demurrer to be true, two questions arise: first, whether this court has the power to administer the relief prayed for; and, second, whether this case calls for such relief.

By the general principles of equity jurisprudence, a party who is in the peaceable and actual possession, accompanied by title, can invoke chancery jurisdiction to remove a cloud from his title. Independently of

these principles, the legislature of this state has spoken upon this subject. Section 254 of the act entitled, "An act to regulate civil proceedings in the courts of justice in this state" (Comp. Laws Cal. 519), declares that "an action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate, or interest." In Clark v. Smith, 13 Pet. [38 U. S.] 195, the principle is enunciated that, although the laws of a state cannot affect the jurisdiction or mode of proceeding in equity in the courts of the United States, they may afford rules as to what shall be deemed a cloud upon the title, and the circuit courts of equity may remove such clouds. The supreme court of this state has enunciated in several cases the doctrine in regard to the removing of clouds upon title: Shattuck v. Carson, 2 Cal. 588; Guy v. Hermance, 5 Cal. 73. In this last case, the title of the plaintiff, in a contest between different parties, was passed upon and sustained. In this case, the demurrer admits seizin by complainant, accompanied by a title supported by the decision of the highest judicial tribunal in this state, and by a peaceable possession of seven years; and further admits the fraud alleged in the sale under which the deed was made to defendants. It is clear that the complainant has a standing in a court of equity, and is entitled to relief.

It has been urged by defendant's counsel that the complainant should have set forth his title, as non constat it is legal. The answer is, that the allegation in the bill is that his seizin is legal, accompanied by title to which a reference is made, and with possession during seven years; and these allegations are admitted by the demurrer to be true. Nor am I aware that even in a court of law a pleader is bound to set forth his seizin in more special terms than is done in this bill. In Christy v. Scott, 14 How. [55 U. S.] 282, the plaintiff alleged his seizin in his demesne as of fee. Defendant demurred. The allegation in the declaration was deemed sufficient; and it being admitted by the demurrer, the court considered defendants trespassers, and estopped from denying the title of plaintiff. The allegations, admitted as they have been, are amply sufficient to sustain the bill.

On the day of the argument of this case, a paper was filed, which has not escaped the attention of the court. It seems to be a statement of the argument on the whole case. Some of the matters embraced within it are such as would be more appropriately discussed on the trial of the case, when the issues will be raised and the facts developed by testimony.

The demurrer must be overruled, and costs paid by the defendants. An order to that effect will be entered accordingly.