[No. 9691.  Department One. — November 24, 1886.]

## LOUIS SCHWARTZ, APPELLANT, *v.* HENRY COW-ELL, RESPONDENT.

ATTACHMENT — LEVY ON REAL PROPERTY — OMISSIONS FATAL TO LIEN. — An attempted levy of an attachment on real property of a judgment debtor does not create a lien thereon to which the right of a purchaser at the execution sale can relate, unless a copy of the writ, together with a description of the property attached, and a notice that it is attached, is left with an occupant of the property, or posted upon it.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The facts are sufficiently stated in the opinion of the court.

*Charles B. Younger,* and *J. M. Lesser,* for Appellant.

*Pillsbury & Blanding,* and *Joseph H. Skirm,* for Respondent.

McKINSTRY, J. — 1. The plaintiff derived no title through the attempted attachment in the action of *Steen* v. *Brown.*  There is no finding, nor does it appear that plaintiff offered any evidence tending to prove that a copy of the attachment, together with a description of the property attached, and a notice that it was attached, was left with the occupant of the property, or posted upon it. (Code Civ. Proc., sec. 552, subd. 1.)  No lien was created by the attempted levy of the attachment to which the right of the purchaser at the execution sale could relate. (*Watt* v. *Wright,* 66 Cal. 202; *Main* v. *Tappener,* 43 Cal. 206; *Sharp* v. *Baird,* 43 Cal. 577; *Porter* v. *Pico,* 55 Cal. 172.)

2. The judgment in the action of *Steen* v. *Brown* was entered by the justice of the peace, August 5, 1875; and the judgment was rendered in the County Court, April 10, 1877.  On the 18th of June, 1875, Brown, defendant

in that action, for a valuable consideration, conveyed by grant, bargain, and sale deed the premises herein demanded to the defendant Cowell, which deed was duly acknowledged and recorded on the same day. Cowell thus acquired the title of Brown before any lien was created in favor of Steen by virtue of the docket of his judgment, or otherwise.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.