[No. 12412. Department Two. — December 31, 1889.]

### R. F. GRIGSBY, RESPONDENT, *v.* H. SHWARZ ET AL., APPELLANTS.

APPEAL — REVIEW OF ORDER GRANTING NEW TRIAL — PRESUMPTION — INSUFFICIENCY OF EVIDENCE — DISCRETION. — An order granting a new trial will be presumed to have been made on the ground of the insufficiency of the evidence to justify the decision, if the motion was made on that ground, among others, when such presumption will sustain the correctness of the decision of the court below. Such a motion is addressed to the sound legal discretion of the court below, and when a new trial is granted on that ground, the appellate court will not reverse the order, unless there has been a manifest abuse of discretion.

EVIDENCE — DEPOSITION OF PARTY — DISCRETION. — When a party has been offered as a witness in his own behalf, and fully examined, and is present in court, it is entirely in the discretion of the court to refuse to allow his counsel to read his deposition taken before the trial. Perhaps it may be different, if it were made to appear that there was something in the deposition concerning which the party could not have been questioned when on the stand.

DEED — VALUABLE CONSIDERATION — SURETYSHIP. — A finding that the grantees named in a deed paid no consideration for the transfer of the premises is not sustained by the evidence, if it appears that they paid for it by becoming sureties on a note for more than one thousand dollars. This is a valuable consideration, which is paid by executing the note, whether the grantees paid the money or not.

CLOUD ON TITLE — ENJOINING EXECUTION SALE — EQUITABLE TITLE —
MORTGAGE BY DEED ABSOLUTE — SALE BY MORTGAGOR — CONVEYANCE
BY MORTGAGEES — JUDGMENT LIEN — RELATION. — An action will lie to
enjoin an execution sale as a cloud upon plaintiff's title, if the complaint
shows a complete equity in plaintiff at the date of the judgment lien
under which the execution was levied, by reason of plaintiff's possession
under a contract of purchase from the judgment debtor, and a written
order from him to certain persons to whom the debtor had transferred
the title as security by way of indemnity, that they should transfer the
title to plaintiff, who had extinguished the obligation, though such title
was not transferred at the date of the judgment lien. Any subsequent
transfer of the title would relate to the date of the purchase, and the
perfect equity should be regarded in equity as a legal title, leaving noth-
ing in the judgment debtor upon which the lien of the judgment could
attach, or which could be sold under execution. Whether the legal title
could pass by a conveyance from the mortgagees by deed absolute, upon
the order of their grantor, without a conveyance direct from the latter,
is not decided.

APPEAL from an order of the Superior Court of Napa
County granting a new trial.

It is alleged in the complaint that defendant Allen is
constable of Napa township; that on February 28, 1885,
one T. L. Grigsby was the owner in fee and in the pos-
session of the premises described in the complaint; that
on the last-named day T. L. Grigsby transferred the title
to said premises to A. F. Grigsby and William A. Tru-
body, and that such transfer was so made to secure the
last-named persons against loss by reason of their ex-
ecuting a note with said T. L. Grigsby to James H.
Goodman & Co.; that on March 17, 1885, T. L. Grigsby
sold said premises to plaintiff, and on March 18, 1885,
T. L. Grigsby by his writing directed A. F. Grigsby and
William A. Trubody to transfer the title to the same to
plaintiff, and from the last-named day until November
28, 1885, said parties held the title in trust for the plain-
tiff, and that from March 18, 1885, up till the time of
filing the complaint, on March 31, 1886, the plaintiff was
in the actual possession of the premises, claiming title to
the same; that on the twenty-eighth day of November,
1885, A. F. Grigsby and William A. Trubody transferred

said premises to plaintiff, and that from the seventeenth day of March, 1885, " the said T. L. Grigsby has not had, nor does he now have, any possession of, or .any right, title, interest, claim, or demand, either in law or in equity, of, in, or to the said premises, or any part or portion thereof"; that on March 18, 1885, defendant Shwarz commenced an action in the justice's court against T. L. Grigsby, and obtained a judgment therein on April 2, 1885; that on May 16, 1885, an abstract of this judgment was filed with the county recorder of Napa County, and on March 2, 1886, execution on this judgment was issued and placed in the hands of defendant Allen as constable, who levied the same on March 3, 1886, on said premises, and threatens to sell the same, and will sell the same unless restrained, and will thereby cast a cloud on plaintiff's title. The prayer is for an injunction and general relief. Further facts are stated in the opinion of the court.

*Spencer & Henning*, for Appellants.

*Wallace & Johnston*, and *F. E. Johnston*, for Respondent.

THORNTON, J.—The appeal in this case is by defendants, from an order granting plaintiff's motion for a new trial.

The complaint states facts sufficient to constitute a cause of action. (*Shattuck* v. *Carson*, 2 Cal. 588, and cases cited in note of 2d ed. of 2 Cal. 588; *Pixley* v. *Huggins*, 15 Cal. 127; *England* v. *Lewis*, 25 Cal. 337.)

Plaintiff's motion for a new trial was made on the ground, *inter alia*, of insufficiency of the evidence to justify the decision. Nothing appearing to the contrary, we must presume that the court granted the motion on this ground. Every intendment is to be made consistent with the record to sustain the correctness of the judgment of the court below. Where a new trial is

granted on the ground above stated, this court never interferes with it, unless there has been an abuse of discretion. Such a motion is submitted to the sound legal discretion of the court below, and a manifest abuse of such discretion only induces this court to reverse it. This is settled by more than a dozen cases decided here. In *Breckinridge* v. *Crocker*, 68 Cal. 403, nearly all the cases on this point decided before the decision in that case are cited. There have been several cases since decided the same way. We find no abuse of discretion by the court below in this case.

The trial court did not err in refusing to allow plaintiff's counsel to read the deposition of plaintiff, taken previous to the trial by defendants. The plaintiff had been offered as a witness on his own behalf, and fully examined by his counsel. He was then present in court. It is not made to appear that there was anything in the deposition concerning which the plaintiff might not have been fully questioned by his counsel when he was on the stand as a witness. Under these circumstances, we regard it as entirely a matter of discretion in the court below to permit the reading of the deposition or not, and its refusal to permit it is a matter which this court would not revise on appeal.

In ruling as above we do not intend to hold or not to hold that if the deposition of a party has been taken by his adversary, it may not be read on behalf of the party whose testimony has been so taken, though the latter is present in court. The question just stated we do not wish to be regarded as deciding.

The ruling here is confined to the facts stated above, arising on the record before this court.

The finding (3) that A. F. Grigsby and W. A. Trubody paid no consideration for the transfer of the premises to them is not sustained by the evidence. They paid for it by becoming sureties for T. L. Grigsby on a note for more than one thousand dollars in favor of J. H.

Goodman & Co. This was a very valuable consideration, and this consideration they paid by executing the note. It is a paltering with words to say that they did not pay anything because they did not pay money. They paid money's worth, — worth much to T. L. Grigsby, their principal. It is immaterial whether they paid the money or not, as they paid a money value.

The legal title passed to R. F. Grigsby and Trubody by the conveyance from T. L. Grigsby, and we see no reason why the latter could not sell his interest, and the full title pass to R. F. Grigsby by the deed executed at T. L. Grigsby's request, by his grantees, Grigsby and Trubody, to the plaintiff. (See *Carter* v. *Hopkins*, 79 Cal. 84.)

The evidence tends to show that T. L. Grigsby sold the land in suit to the plaintiff as early as the 18th of March, 1885; that plaintiff, about the same time, paid the purchase-money by paying off the note of T. L. Grigsby to Goodman & Co., on which R. F. Grigsby and Trubody were sureties, after which T. L. Grigsby directed the conveyance to be made to the plaintiff by the parties above named, which was done. When the note was paid, Grigsby and Trubody held the bare title for T. L. Grigsby, their grantor, and T. L. Grigsby could deal with the title, sell it or not, as he saw fit. The deed made by his order to the plaintiff invested him with the full title, and a further conveyance by T. L. Grigsby was unnecessary. It must be borne in mind that the evidence tended to show an absolute purchase by the plaintiff of T. L. Grigsby. If such was plaintiff's purchase, the deed, though executed in November, 1885, related back to the purchase in the preceding March (*Landis* v. *Brandt*, 13 How. 370; *Waterman* v. *Smith*, 13 Cal. 419, 420; *Hibberd* v. *Smith*, 67 Cal. 561), which was prior to the day (the 16th of May, 1885), on which the lien of Shwarz's judgment attached. When the plaintiff paid the purchase-money on the contract for an absolute

purchase, his equity to have a deed from T. L. Grigsby was perfect, and this should be regarded as a legal title. (*Morrison* v. *Wilson,* 13 Cal. 494; 73 Am. Dec. 593.) When the lien of the Shwarz judgment attached in May, 1885, nothing remained in T. L. Grigsby, the judgment debtor; not even the equity to have a deed from A. F. Grigsby and Trubody. The right to a deed from them had passed to the plaintiff, whose equity was perfect. A sale under Shwarz's judgment could pass nothing to a purchaser, for nothing vendible remained in the judgment debtor.

The court below properly finds that there was no fraud in the transaction between T. L. Grigsby and the plaintiff.

The title passed to the plaintiff, though he knew that the conveyance to his grantors from T. L. Grigsby was made to them to secure them from loss on the note to which they had become sureties.

What is said herein is not to embarrass the court on a new trial below in dealing with the evidence and finding the facts.

The rules of law herein laid down only apply to the facts, if found to exist as above indicated.

The order is affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

A petition for a rehearing having been filed, the following opinion in Bank was rendered thereon on the 29th of January, 1890: —

The COURT.—What is said in the opinion in this case, filed December 31, 1889, in regard to the legal title passing to the plaintiff by the conveyance from Trubody and Grigsby, made by order of their grantor, is withdrawn, and the rehearing is denied.