[Sac. No. 614.   Department One.—July 18, 1900.]

D. F. DAYTON, Respondent, v. H. L. McALLISTER, Appellant, and IDA A. ZABEL, Respondent.

FORECLOSURE OF MORTGAGE—APPEAL OF JUDGMENT CREDITOR OF MORTGAGOR—PRIOR CONVEYANCE—APPELLANT NOT AGGRIEVED.—In an action to foreclose a mortgage, where the record establishes that a judgment creditor of the mortgagor, made a party defendant, was subsequent in his claim of lien by attachment and judgment to a conveyance made by the mortgagor to his codefendant, and had, therefore, no lien upon the mortgaged premises, he is not aggrieved either by the exclusion of the judgment-roll and attachment papers in his action, nor by the admission of evidence for the plaintiff in support of his claims under the mortgage, and no alleged error therein will be examined upon the appeal of such judgment creditor.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial.   William O. Minor, Judge.

The facts are stated in the opinion of the court.

P. J. Hazen, for Appellant.

T. A. Coldwell, and C. W. Eastin, for Respondent.

HARRISON, J.—Action for the foreclosure of a mortgage. The appellant was made one of the defendants under the allegation that he claimed some interest in the premises, but that his claim is subordinate and subject to the lien of the mortgage.   The mortgage was executed to the plaintiff's assignor March 30, 1893, and on March 7, 1894, the mortgagor conveyed the mortgaged premises to the appellant's codefendant, by good and sufficient deed, which was recorded in the office of the county recorder on that day.   In his answer herein the appellant sets forth his claim upon the mortgaged land by virtue of the lien of a judgment against the mortgagor, which was entered and docketed February 19, 1895.   The court found that the appellant had no lien upon the mortgaged premises, and rendered its decree of foreclosure without making provision for the payment of any portion of the proceeds of the sale to the appellant, and directing that any surplus moneys

arising from the sale should be brought into court to abide the further order of the court. The appellant moved for a new trial, which was denied, and from the judgment and the order denying a new trial he has appealed.

At the trial the appellant offered in evidence the judgment-roll and other papers in the action in which the judgment was rendered, from which it appeared that the action was commenced May 2, 1894, and that the levy of an attachment upon the land described in the mortgage was made therein June 23, 1894. Upon the objection of the plaintiff that this evidence was immaterial, inasmuch as it appeared that the mortgagor had conveyed the land prior to the levy of the attachment, the court excluded the evidence. The appellant also excepted to the admission of certain evidence on the part of the plaintiff tending to show that certain moneys which had been received by the plaintiff's assignor were not received as a payment upon the mortgage debt. These rulings are assigned as error upon this appeal.

In the statement of the case on motion for a new trial the appellant does not question the correctness of the finding that the mortgagor had conveyed the land to the other defendant prior to the date at which the writ of attachment in the appellant's suit was levied thereon, and, consequently, the finding that the appellant has no lien upon this land by reason of the judgment which was afterward rendered and docketed in his action against the mortgagor, follows as a legal conclusion. The evidence which he offered in support of his claim to an interest in the premises would not have countervailed or affected this finding of the court, and its exclusion, therefore, was harmless.

As the appellant, therefore, was not interested in the amount for which the plaintiff might recover judgment upon the mortgage debt, the rulings of the court in admitting evidence thereon did not affect his rights, and need not be examined upon this appeal. No objection to these rulings was made by the party interested therein.

The judgment and order are affirmed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.