[S. F. No. 2358.　Department Two.—January 29, 1903.]

A. W. FOSTER, Surviving Trustee for Annie A. Montgomery and Hazel G. Montgomery, Respondent, v. JESSE BOWLES, A. T. HATCH et al., Respondents; and SHERMAN, CLAY & CO., a corporation, Appellant.

APPEAL—ORDER OVERRULING DEMURRER.—An order overruling a demurrer is not appealable, and an appeal taken therefrom will be disregarded.

ID.—PARTY NOT AGGRIEVED—FORECLOSURE OF MORTGAGE—CLAIMANT OF JUDGMENT LIEN—BURDEN OF PROOF—DEFAULT AT TRIAL.—The claimant of a judgment lien, who took issue upon the complaint in an action to foreclose a mortgage, and set up his alleged lien and sought foreclosure thereof, had the burden resting upon him to prove his alleged lien. Where he failed to appear at the trial, and offered no proof, a finding that all of the allegations of the answer are untrue, shows that he has no interest in the subject-matter of the decree, and is not aggrieved thereby, and upon his appeal therefrom, the decree, conceding it to be erroneous, will not be reversed.

APPEAL from a judgment of the Superior Court of Alameda County.　F. B. Ogden, Judge.

The facts are stated in the opinion.

F. A. Berlin, for Appellant.

The complaint was demurrable for failure to state a cause of action.　The absence of allegations cannot be supplied by recitals in exhibits.　(*City of Los Angeles* v. *Signoret,* 50 Cal. 298; *Burkett* v. *Griffith,* 90 Cal. 541;[1] *McCaughey* v. *Schuette,* 117 Cal. 225.[2])　The court must presume, for the purposes of the demurrer, that the appellant has a substantial interest in the controversy.

Van R. Paterson, and Platt & Bayne, for A. W. Foster, Respondent.

The demurrer was properly overruled; but whether so or not, the appellant has not shown himself a party aggrieved or injured by the decree.　(Code Civ. Proc., sec. 475; *Stod-*

[1] 25 Am. St. Rep. 151.　　　　　　[2] 59 Am. St. Rep. 176.

*dart* v. *Burge,* 53 Cal. 395, 399; *Blythe* v. *Ayres,* 102 Cal. 254, 257, 258; *Dayton* v. *McAllister,* 129 Cal. 252; *McPhail* v. *Buell,* 87 Cal. 115, 116.) The answers were not in such form as to raise any material issue, except upon the existence of the plaintiff's lien, which he failed to prove. The averment of the complaint that defendant claimed an interest was not issuable. The defendant must set out and prove his interest. (*Sichler* v. *Look,* 93 Cal. 608, 609; *Beronio* v. *Ventura County Lumber Co.,* 129 Cal. 232; *Anthony* v. *Nye,* 30 Cal. 401, 402; *Poett* v. *Stearns,* 28 Cal. 226.) Denials for want of information as to facts within defendant's knowledge raised no issues. (*Mulcahy* v. *Buckley,* 100 Cal. 487; *Mullaly* v. *Townsend,* 119 Cal. 48, 54; *Goodell* v. *Blumer,* 41 Wis. 444, 488.) A party who fails to make out a case is not prejudiced by any error which does not prevent him from making out a case. (*Duffy* v. *Duffy,* 104 Cal. 607; *In re Spencer,* 96 Cal. 428, 449, 450.)

T. C. Judkins, for A. T. Hatch, Respondent.

Craig & Craig, for Frank Dalton, Assignee, etc., Respondent.

E. W. McGraw, for George A. Newhall, Respondent.

James F. Farraher, for Rohrer Trustees et al., Respondents.

GRAY, C.—This action was brought to foreclose a mortgage made on December 2, 1887, by the defendant Bowles to Alexander Montgomery, deceased, in the lifetime of the latter. The complaint alleges that in March, 1892, the defendant Bowles conveyed the mortgaged premises to the defendant Hatch, and that the latter then agreed to pay to Montgomery the balance of $20,000 then due on the note and mortgage, together with interest according to the terms of the said note. The appellant, Sherman, Clay & Co. (a corporation), was made defendant in the suit, for the reason, as alleged in the complaint, that it had, or claimed to have, "some right, title, interest, or estate in and to the said mortgaged lands," which were subsequent and subject to the lien of said mortgage. The appeal is from the judgment. There

is also an appeal from the order overruling the demurrer of Sherman, Clay & Co., but, as the latter appeal is unauthorized by our practice, it may be disregarded.

The appellant corporation demurred generally and specially to the complaint, and after this demurrer was overruled filed its answer, in which it denied most of the allegations of the complaint. In this answer the appellant also, in substance, stated that it had obtained a judgment against the defendant Hatch, and that the same "was duly entered and recorded in said superior court on the twenty-first day of April, 1896, and that the lands described in the complaint were subject to the lien of that judgment. The answer prayed that plaintiff take nothing, and that appellant's lien be foreclosed. This was the only interest of appellant shown by the allegations of its answer or otherwise, and, of course these allegations are treated as denied by plaintiff, under our statute, and the burden of proving their truth was upon the appellant. It appears from the bill of exceptions, and from the findings, that the case came on regularly for trial on September 8, 1898, and the appellant, "though called at the front door by the order of the court, made no appearance, and the same was duly noted in the minutes of the court." On the trial there appears to have been no proofs offered or made as to the allegations of appellant's answer, and for that reason the court finds that all the allegations thereof are untrue, and adjudges that appellant take nothing. There is no specification that this finding is unsupported by the evidence; and by not attacking it in any way on this appeal, the appellant seems to concede that it is true and proper. The allegations of the complaint did not constitute an admission that appellant had an interest in the land. This finding being true, it disposed of the only issue material to appellant, and was in and of itself sufficient to support the judgment against appellant. It showed that appellant had no further interest in the subject-matter in litigation, and that whatever action might be taken, or might theretofore have been taken, by the court, was entirely immaterial and could in no way hurt the appellant. It having no interest in the lands mortgaged, even its denials of the allegations of the complaint became immaterial. It will therefore be entirely unnecessary to review the action taken on appellant's de-

murrer, or to notice the many alleged errors of the court urged upon our attention by appellant, for it clearly appears from the record before us that appellant can be in no way aggrieved thereby, even conceding that the court erred: (Code Civ. Proc., sec. 475.) Our position in this regard finds support in the following decisions of this court: *Dayton* v. *McAllister*, 129 Cal. 192; *Blythe* v. *Ayres*, 102 Cal. 254.

The judgment should be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.