[Civ. No. 5111.   Fourth Dist.   Aug. 5, 1955.]

CLINTON A. BARR, Appellant, v. LESTER N. SCOTT et al.,
Defendants; FAYE M. SCOTT, Respondent.

David W. Hardin for Appellant.

Luce, Forward, Kunzel & Scripps and Leland C. Nielsen for Respondent.

BARNARD, P. J.—This is an action for damages for injuries received by the plaintiff when he fell down some stairs in an apartment house. The accident happened about 1 p. m. on July 1, 1951. The plaintiff and his wife entered the lobby of the building on the way to their apartment, which was down one floor. The plaintiff testified that he observed some luggage in or near the elevator, which he usually used, and decided to go down the stairway. He had previously used this stairway on four or five occasions. This stairway had a wall on one side and a bannister and rail on the other. The carpet on the stairway was smooth and in good condition. After going down about three steps the plaintiff fell, coming to rest at the bottom. He received severe injuries and was taken to the hospital, accompanied by his wife. He was unconscious, and he testified that he did not recover consciousness until 24 to 48 hours later.

The complaint alleged that the defendants were negligent in failing to provide adequate lighting for this stairway, and in maintaining it in an unlighted condition. The answer denied negligence and, as an affirmative defense, alleged that the plaintiff failed to exercise due care, including the fact that he was in an intoxicated condition; and that his failure to exercise due care proximately contributed to his injuries. Prior to trial the action was dismissed as to all defendants except Faye M. Scott. A jury, after being out 32 minutes, returned a unanimous verdict in favor of the defendant. The plaintiff has appealed from the judgment.

It is not contended that the evidence is not sufficient to support the verdict. Strong evidence was produced in support of the conclusion that this stairway was well and adequately lighted; that the carpeted steps were smooth and in good condition; that there was a good handrail; and that the

plaintiff was, at the time of his fall, not in full possession of his faculties by reason of his intoxication. While there was conflicting evidence, the testimony of the plaintiff's sole witness as to the actual occurrence, aside from himself and his wife, was rather thoroughly impeached; and plaintiff's own testimony, to the effect that this stairway was in a condition of absolute darkness, which was repeated many times and in various ways, was so obviously exaggerated that it is not surprising that the jury did not accept it. There was other evidence that this was a sunshiny day, that many open doors and windows afforded a very considerable natural light, and that electric lights were burning in three places which would light up this stairway.

■ It is first contended that the court erred in admitting a photostatic copy of the hospital record, without striking hearsay statements therein. This hospital record is dated July 1, 1951, and signed by the doctor in charge. It shows that the plaintiff was admitted to the hospital an hour after his fall. Under the heading ''Circumstance of Admission'' it stated: ''Had been drinking heavily prior to fall (½ pint according to wife) and fell down 6-8 stairs and injured head.'' Under the heading of ''History of Present Illness,'' it states: ''This 39 year old waiter, after drinking ½-1 pint of liquor today, fell down stairs (6-8) and hit head on carpeted pavement. . . . He has had spells previously when he 'blacked out' completely and fell to the ground. The last episode was 6 Mos. ago and had not been drinking heavily.'' Under the heading ''Past History,'' ''Has spells of alcoholism from 2-3 Mos. & will drink heavily for a week or 2 but usually can keep on working. Smokes 1 pack/ day, drugs unknown to wife.'' Under the heading ''Initial Impression,'' and immediately above the doctor's signature, it states: ''Acute alcoholism complicated by head injury.'' The plaintiff objects to all of the quoted statements, except the last, as being hearsay and argues that since the plaintiff was unconscious and did not give any information, and his wife denied she made the statements attributed to her in the hospital record, the document as a whole was not admissible under section 1953f of the Code of Civil Procedure and the court should have sustained his objection ''or properly instructed the jury concerning the hearsay.''

It was stipulated in advance that this hospital record might be introduced in evidence subject to the right of the plaintiff to object, on proper grounds, to any item contained

therein. A doctor who subsequently treated the plaintiff had, in his testimony, expressed the opinion that the plaintiff's subsequent condition could have been caused by this fall, and had further testified that his opinion was based in part upon this hospital record. The defendant then offered the hospital record in evidence. The plaintiff's counsel objected "on the ground it contains hearsay," and then stated that there was no objection to the admission of the other parts. It was not pointed out what parts were claimed to be hearsay, and no instructions were offered limiting the use of the exhibit. Our attention is not called to any place in the record, and we have found none, disclosing that this hospital record was read to the jury or that the questioned portions were called to its attention. This was the usual hospital record, made on the same day as the accident and containing the usual information material to proper treatment. Some of the statements objected to were stated to have been furnished by plaintiff's wife, and the only reasonable inference is that all of such statements were based upon information furnished by her since the plaintiff was unconscious and the information was otherwise unavailable. Moreover, there was otherwise ample evidence of plaintiff's intoxication on this occasion. Under the circumstances, it cannot be held that prejudicial error appears in this connection. (*Loper* v. *Morrison,* 23 Cal.2d 600 [145 P.2d 1]; *People* v. *Gorgol,* 122 Cal.App.2d 281 [265 P.2d 69]; *Gunter* v. *Claggett,* 65 Cal.App.2d 636 [151 P.2d 271]; *McDowd* v. *Pig'n Whistle Corp.,* 26 Cal.2d 696 [160 P.2d 797].)

It is next contended that the court erred in giving an instruction on the doctrine of assumption of the risk. It is argued that this instruction would indicate to the jury that if the plaintiff knew that the stairway was not properly lighted he could not recover, and that this is not the law, citing *Sommerfield* v. *Miratti,* 49 Cal.App.2d 450 [121 P.2d 746] and *Harris* v. *Joffe,* 28 Cal.2d 418 [170 P.2d 454]. The instruction thus complained of was in language similar to that in BAJI numbers 213 and 213-C. The cases cited merely hold that the question thus suggested is one of fact for the jury, and to the effect that such knowledge would not show negligence as a matter of law. The question was here submitted to the jury as one of fact.

It is next contended that the court erred in giving an instruction which told the jury that the owner of property is only required to refrain from active negligence with re-

spect to one who goes upon the premises at the invitation of the owner. It is argued that since the plaintiff was a tenant in defendant's apartment house this instruction was inapplicable here, and the instruction "insinuated that defendant was under no duty to properly light the stairs if plaintiff could observe same." This instruction, after defining an invitee as one who goes upon property at the implied invitation of the owner or occupant and in connection with some mutual business interest, or with the business of the occupant or owner, stated in brief that the duty owed by an owner of property to an invitee is to exercise reasonable care in maintaining his premises in a safe condition so as not to injure the invitee; that if a danger exists from conditions not readily apparent to the senses the owner has the duty to give reasonable warning if he has actual knowledge of such conditions, or could by the exercise of reasonable care have discovered them; and that in the absence of appearances that would caution him, or would caution a reasonable person in like position, to the contrary, an invitee has a right to assume that the premises are reasonably safe and to act on that assumption. That instruction was immediately followed by an instruction correctly stating the duty of a landlord to properly maintain the portions of a building which are reserved for the common use of different tenants, and ending "it is the landlord's duty to exercise ordinary care in the maintenance and repair of those parts of a building that are reserved for the common use of different tenants." The instructions could not have had the effect of suggesting to the jury that the defendant was under no duty to properly light the stairs if plaintiff could observe the existing condition, and we find no error in this regard.

It is next contended that the court erred in refusing an instruction requested by the plaintiff, to the effect that if the jury believed that the plaintiff was intoxicated at the time of the accident, such "intoxication does not of itself constitute negligence, but is merely a circumstance to be considered by the jury in determining whether the intoxicated person was negligent." It is argued that this instruction was an accurate statement of the law as applicable to the evidence, and that the court should have given this instruction or some other instruction stating the same rule, citing *Emery* v. *Los Angeles Ry. Corp.*, 61 Cal.App.2d 455 [143 P.2d 112] and *Coakley* v. *Ajuria*, 209 Cal. 745 [290 P. 33]. These cases merely hold that intoxication is not

negligence as a matter of law, but is a circumstance to be considered in determining whether such intoxication was a contributing cause of an injury and is a question of fact for the jury. The court here instructed the jury that "Whether or not a person involved in an accident was then intoxicated is a proper question for the jury to consider in determining his conduct and whether or not he was negligent." This instruction, with the other instructions given, sufficiently covered this matter and no prejudice appears.

The final contention is that the court committed prejudicial error in refusing to admit the deposition of the plaintiff into evidence. It is argued that it had been stipulated that this deposition could be received in evidence and used by either party, subject to objection on proper ground to any question or answer, and that this stipulation precluded the judge from refusing to admit it in evidence. The plaintiff had testified, his testimony taking up 62 pages of the transcript. On cross-examination, defendant's counsel had asked him a few questions with respect to answers he had made in his deposition. Shortly before the plaintiff rested he offered this deposition in evidence. The court remarked that the plaintiff had already testified, and asked what the deposition could add to the information that the jury should have. Plaintiff's counsel stated that it would show the parts before and after the portions which defendant's counsel had referred to and "the nature of his questions and answers and things like that." The court ruled it was not admissible. The deposition, as offered in evidence, appears in the transcript, taking up 33 pages. There is nothing material in the offered deposition which was not fully brought out in the testimony of the plaintiff while on the stand. The plaintiff points to nothing in the deposition which would have added anything to his case, and we can find nothing therein which could in any way suggest that the refusal to admit the deposition into evidence could have conceivably affected the result. No prejudice appears. (*Grigsby* v. *Shwarz*, 82 Cal. 278 [22 P. 1041].)

The judgment is affirmed.

Mussell, J., concurred.

A petition for a rehearing was denied August 30, 1955.