[No. B061720. Second Dist., Div. One. Feb. 3, 1993.]

DANIEL J. CASEY, Plaintiff and Appellant, v.
DUDLEY GRAY et al., Defendants and Respondents.

## COUNSEL

Meller & Snyder and Eric Meller for Plaintiff and Appellant.

Jack I. Esensten and Randi R. Geffner for Defendants and Respondents.

## OPINION

**VOGEL (Miriam A.), J.**—The question on this appeal is whether a recorded abstract of judgment attaches to property previously conveyed by an unrecorded quitclaim deed. It does not.

### FACTS

In March 1979, a money judgment later assigned to Dudley Gray was entered against Scott Berglund. In September 1979, Berglund and his partner, Daniel Casey, purchased real property in San Pedro. On February 1, 1982, Berglund executed a quitclaim deed transferring his interest in the San Pedro property to Casey. On February 17, 1982, an abstract of the 1979 judgment against Berglund was recorded. On May 5, 1982, Berglund's quitclaim deed to Casey was recorded. In December 1987, Casey sold the San Pedro property and, to clear title, paid $44,177.32 to Gray for a release of the abstract of judgment.

Casey then filed this action to recover his $44,177.32 from Gray or Berglund, claiming (among other things) that the judgment lien did not attach to the San Pedro property because the judgment debtor (Berglund) had conveyed the property to Casey before the abstract was recorded. Following a court trial, judgment was rendered in favor of Gray and Berglund. Casey appeals.

## DISCUSSION

■ Casey contends an executed and delivered (but unrecorded) quit-claim deed conveys title free and clear of a subsequently recorded abstract of judgment. We agree.[1]

■ Subject to certain inapplicable exceptions, an abstract of judgment attaches to all interests (whether present or future, vested or contingent, legal or equitable) in real property in the county in which the abstract is recorded. (Code Civ. Proc., §§ 674, 697.340.) But the abstract does not attach until it is recorded and it therefore cannot affect previously transferred property. (See *Schwartz* v. *Cowell* (1886) 71 Cal. 306 [12 P. 252]; *Dayton* v. *McAllister* (1900) 129 Cal. 192 [61 P. 913].) Property is "previously transferred" within the meaning of this rule if the purchase price is paid and no equitable interest is retained, notwithstanding that some formality of transfer is incomplete at the time the abstract is recorded. (Code Civ. Proc., § 697.340; *Grigsby* v. *Shwarz* (1889) 82 Cal. 278 [22 P. 1041]; see also 40 Cal.Jur.3d, Judgments, § 184, p. 591.)

■■ ■ ■ If the deed from Berglund to Casey was delivered before the abstract was recorded, the transfer was complete at the moment of delivery without regard to whether the deed was recorded (Civ. Code, § 1107; *Wells Fargo Bank* v. *PAL Investments, Inc.* (1979) 96 Cal.App.3d 431, 438 [157 Cal.Rptr. 818]),[2] and there was nothing to which the later-recorded abstract could attach. (*Barisich* v. *Lewis* (1990) 226 Cal.App.3d 12, 19 [275 Cal.Rptr. 331]; Civ. Code, § 1056; see also Cal. Real Property Sales Transactions (Cont.Ed.Bar 1981) § 7.63, pp. 505-506; Miller & Starr, Cal. Real Estate (2d ed. 1989) Recording and Priorities, § 8:104, pp. 472-474.) The issue of delivery is therfore critical, not "immaterial," and the matter must be remanded to the trial court to determine this fact.

---

[1] The trial court considered it "immaterial whether the Deed from . . . Berglund to . . . Casey was delivered before or after the recordation of the Abstract of Judgment . . ." and therfore did not include a determination of this issue in its statement of decision.

[2] Under section 1107 of the Civil Code, "[o]ne who conveys property by an unrecorded deed conveys title good as against the grantor and everyone claiming under him *except* a purchaser or encumbrancer who in good faith and for a valuable consideration acquires title or lien *by an instrument first duly recorded.*" (Italics added.) The exception does not apply to the 1979 judgment because a judgment is not an "instrument" within the meaning of this rule. (*Wells Fargo Bank* v. *PAL Investments, Inc., supra,* 96 Cal.App.3d at p. 438; *Iknoian* v. *Winter* (1928) 94 Cal.App. 223, 226 [270 P. 999]; *Davis* v. *Perry* (1932) 120 Cal.App. 670, 676 [8 P.2d 514].)

## Disposition

The judgment is reversed, and the matter is remanded to the trial court. Casey is to recover his costs of appeal.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied March 2, 1993.