Filed 4/2/14  Olson v. Buttram CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)


| | |
|---|---|
| KIMBERLY R. OLSON, | C071549 |
| Plaintiff and Appellant, | (Super. Ct. No. SCSCCVCV 10-0001699) |
| v. | |
| KENNETH FRANK BUTTRAM et al., | |
| Defendants and Respondents. | |


Plaintiff Kimberly Olson, appearing in pro. per., appeals the trial court's denial of her application for an order for the sale of residential property in satisfaction of a judgment.  The trial court denied the application because it determined the property qualified as the homestead of judgment debtors Marci Buttram and Kenneth Frank Buttram (Frank Buttram), and was therefore exempt from sale pursuant to Code of Civil Procedure section 704.710 et seq.[1]

---

[1]  Further reference to an undesignated section is to the Code of Civil Procedure.

1

A homestead is the principal dwelling of a judgment debtor, and is exempt from sale for the satisfaction of a judgment.[2] The judgment debtor's dwelling is defined by statute to include a house, outbuildings, and land on which they are situated. The trial court rejected Olson's argument that the residential property in question was not a homestead because the judgment debtor lived in a motor home located on the property, rather than in the house. We agree with the trial court's interpretation of the relevant statutes, and shall affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In this judgment roll appeal, the trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence, and are binding on us unless reversible error appears in the record. (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 839.) Consequently, we set forth the facts stated in the trial court's order.

The property at issue is 414 Henley-Hornbrook Road, Hornbrook, California. On March 17, 2011, the court entered a default judgment against defendants Frank Buttram and Marci Buttram in favor of Olson in the amount of $70,860. Prior to entry of the default judgment, on September 23, 2010, a homeowner's exemption was recorded for the property in the name of Marci Buttram. On March 30, 2011, an abstract of judgment was recorded against the property, making that the date on which the judgment lien attached to the property. (*Casey v. Gray* (1993) 13 Cal.App.4th 611, 614.)

At the time the judgment lien attached to the property, there was a motor home parked next to the house, within the boundaries of the property. Both Marci and Frank

_____

[2] The homestead exemption protects the homeowner's equity in the property up to a statutory amount. The property may be sold if a bid is received that is equal or greater than the homestead exemption plus any liens or encumbrances. (§§ 704.720, 704.800.) However, in this case, the property was valued at $50,000, an amount far less than either the judgment or the homestead exemption of $75,000. (§ 704.730, subd. (a)(1).) The trial court found the property was not reasonably likely to produce a bid sufficient to satisfy any part of the amount due on the judgment.

Buttram lived on the property, but Frank Buttram slept in the house, while Marci Buttram slept in the motor home. In mid-May, 2011, Frank Buttram left the property and resided elsewhere. Marci Buttram continued to sleep in the motor home parked on the property, while she conducted repairs and renovations on the house. She began sleeping in the house in July of 2011.

Olson applied for an order to sell the property under section 704.740 et seq. The Buttrams argued the property qualified for a homestead exemption. The trial court found there was a valid statutory homestead exemption pursuant to section 704.710 et seq.

DISCUSSION

A property that is a homestead is exempt from sale to enforce a judgment, unless the sale is for as much or more than the amount of the homestead exemption plus any additional liens and encumbrances. (§§ 704.720, subd. (a), 704.800.) For the purposes of this case, a homestead is defined as, "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." (§ 704.710, subd. (c).)

Olson argues the trial court incorrectly found the property qualified as a homestead because for a period of about 60 days, no one was living in the house, even though Marci Buttram was living in a motor home on the property during that time. Olson argues that because of that 60-day period the Buttrams did not reside continuously on the property from the date the lien attached to the date the court determined the dwelling was a homestead. The trial court correctly concluded that a dwelling for purposes of finding a homestead may include a motor home located on the subject property.

As indicated, a homestead is a debtor's principal dwelling. Section 704.710 defines a dwelling as "a place where a person resides . . . includ[ing] but . . . not limited

3

to the following:  [¶]  (1) A house together with the outbuildings and the land upon which they are situated. . . ."  Thus a "dwelling" is not the equivalent of a "house" for purposes of finding a homestead exemption.  A dwelling includes outbuildings and land.  As long as the debtor is living on the property continuously from the time the lien attaches to the time the court makes the homestead determination, the property qualifies as a principal dwelling.  In this case, one or the other, or both of the judgment debtors lived on the property continuously for the relevant time period.  Therefore, the property qualified as the judgment debtor's homestead.

Olson argues there was no evidence the motor home in which Marci Buttram resided was her *principal* dwelling.  Because there is no reporter's transcript, we presume the trial court's findings of fact and conclusions of law are supported by substantial evidence, and those findings and conclusions are binding on us unless they are clearly contradicted on the face of the record before us.  (*People v. Roscoe, supra,* 169 Cal.App.4th at p. 839.)  The trial court's findings and conclusions are not contradicted on the face of this record.

Olson argues the trial court incorrectly placed the burden of proof below on her, rather than on the Buttrams.  To the extent the trial court's ruling contains any indication of the burden of proof it applied in reaching its decision, the indication is that it placed the burden of proof on the Buttrams.

The burden of proof at the hearing is on the creditor if the county tax assessor records indicate there was a current homeowner's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse.  (§ 704.780.)  The trial court stated that a homeowner's exemption was recorded in 2010, making it current when the abstract of judgment was recorded against the property in March 30, 2011.  Nevertheless, the court stated it would "analyze the issues presented as if a current exemption were not on file at the relevant time, without making a finding in that regard."  This can only mean the court placed the burden of proof on the judgment debtors, the Buttrams.

4

The trial court's ruling is otherwise silent on the applicable burden of proof. Where the trial court is silent, we presume it applied the proper burden of proof in matters tried to the court.  (*Ross v. Superior Court* (1977) 19 Cal.3d 899, 913-914.)

### DISPOSITION

The judgment is affirmed.  Costs on appeal, if any, are awarded to respondents.[3]


        BLEASE        , Acting P. J.


We concur:


    MURRAY        , J.


    HOCH        , J.


---

[3]  Respondents filed no brief.