WILLIAM VOLKER, Assignee of GREAT WESTERN PORTLAND CEMENT COMPANY, Appellant, v, JOSEPH H. STONE, Respondent.

Kansas City Court of Appeals, June 1, 1914.

1. **ACCOUNTS: Set-offs and Counterclaims: Justices of the Peace.** The plaintiff, as assignee of a cement company sued the defendant in a justice court, on account, for 350 barrels of cement. The defendant purchased ten shares of the preferrrd capital stock of the cement company for $1000, the latter agreeing to furnish the defendant, gratis, fifty barrels of cement with each one hundred barrels purchased by defendant until full value of such donations equalled par value of the stock. He ordered 1500 barrels of cement from the company, if the order could be filled by a certain time. The company, shipped 350 barrels which were not paid for, but failed to ship the remainder. *Held,* that the rights asserted by defendant are not matters of set-off since the damages are unliquidated, but constitute a counterclaim which cannot be . asserted against the assignee of the cement company.

2. ———: ———: **Recoupment.** Whenever it appears that the right a defendant asserts against a plaintiff consists of a cause of action arising out of a contract or transaction set forth in a petition as the foundation of the plaintiff's claim or connected with the subject of the action it must be regarded as a statutory counterclaim which has superseded the common

Volker v. Stone.

law right of recoupment and cannot be allowed in an action prosecuted by the *bona fide* assignee of the person against whom the right exists.

Appeal from Jackson Circuit Court.—*Hon. A. C. Southern,* Judge.

REVERSED AND REMANDED (*with directions*).

*New & Krauthoff, John N. Davis* and *James B. Nourse* for appellant.

(1) To constitute a set-off the demand must be in the nature of a debt, and the term debt is defined by most of the appellate courts of the country. A set-off is a cross debt. Nat'l Handle Co. v. Hoffman, 140 Mo. App. 642; Zerbe v. Railroad, 80 Mo. App. 418; Pomeroy Code Remedies (4 Ed.), p. 120. (2) To constitute a set-off the demand must be in the nature of a debt, and as an unliquidated claim for damages is not included in the term "debt," it cannot be made the subject of set-off. Brokerage Co. v. Campbell, 164 Mo. App. 8. (3) The damages to be recovered are not necessarily liquidated, and the action is not therefore one in which a set-off is allowed. State v. Modrell, 15 Mo. 424; Johnson v. Jones, 16 Mo. 494; Walton v. Catron, 125 Mo. App. 507. (4) Respondent's defense is in the nature of a counter-claim, and as such is not maintainable against this appellant. Empire Transportation Co. v. Boggiano, 52 Mo. 294; McAdam v. Ross, 53 Mo. 199; Emery v. Railroad, 77 Mo. 346.

*McCune, Harding, Brown & Murphy* and *Blatchford Downing* for respondent.

(1) Recoupment is a defense and not a cross-action. Grand Lodge v. Knox, 20 Mo. 433; Ives & McCarthy v. Van Epps, 22 Wend. (N. Y.) 155; Batterman v. Pierce, 3 Hill (N. Y.) 171; Benjamin v.

Richards, 51 Mich. 110; Epperly v. Bailey, 3 Ind. 72; Winder v. Caldwell, 12 How. (U. S.) 443; Van Buren v. Digges, 11 How. 461, 475; Withers v. Green, 9 How. 214; Linnenkohl v. Winkelmeyer, 54 Mo. App. 570; Chitty on Pleading 563, quoted in Bloom v. Lehman & Co., 27 Ark. 489; 34 Cyc. 623, 642, 643, 676. (2) Recoupment is available against an assignee. R. S. Mo. 1909, Sec. 1867; Langdon v. Markle, 48 Mo. 357; Roman v. Boston Trading Co., 87 Mo. App. 186; Burrill v. Stevens, 73 Maine, 395; Johnson v. Geneva Pub. Co., 122 Mo. 102; Heman v. Improvement Co., 58 Mo. App. 480. (3) The agreed facts show a valid recoupment in excess of plaintiff's claim. Roman v. Boston Trading Co., 87 Mo. App. 186; Harralson v. Stein, 50 Ala. 347; Sterling Organ Co. v. House, 25 W. Va. 64; Railway Co. v. Tenn. Coal Co., 98 Ga. 189; Morrison v. McIntosh Co., 73 Mo. App. 95; Nelson v. Nelson, 122 Mo. App. 90.

JOHNSON, J.—This action originated before a justice of the peace and was tried in the circuit court without a jury, on an agreed statement of facts. Judgment was rendered for defendant and plaintiff appealed.

In a contract between defendant, who is a contractor doing business in Kansas City, and a corporation engaged in the manufacture of cement in Kansas, defendant purchased ten shares of the preferred stock of the company at their par value of $1,000, and the company agreed "in consideration of this subscription . . . to give gratis" fifty barrels of cement with each one hundred barrels purchased by defendant until the value of such donations should equal the par value of the preferred stock thus purchased.

Afterward, on November 4, 1911, the company accepted a blanket order from defendant for 1500 barrels of cement for delivery "when ordered if completed by Jan. 1, 1912," and during the month of No-

vember filled two shipping orders for 200 and 150 barrels respectively. These shipments, of the total value of $191.43, were received and accepted by defendant but not paid for and this action is for the recovery of their value. No other shipping instructions were given by defendant and no more cement was delivered for the reason that early in December, the company ceased manufacturing and notified defendant that it could not fill the remainder of the blanket order. Afterward the company was adjudicated a bankrupt and its assets, including the account against defendant, were sold and assigned to plaintiff at trustee's sale.

Plaintiff brought this suit on the account and defendant appeared in the justice court and filed a "counter-claim or set-off" in which he prayed judgment against plaintiff for $283.66, "as damages for the failure of plaintiff's assignor to deliver fifteen hundred barrels of cement at a price equal to that of one thousand barrels at sixty-nine and one-half cents a barrel, net, according to the terms of a certain written contract and order filed herewith."

On the next day defendant filed a "recoupment" alleging as a defense to the account "that the cement, the purchase price of which forms the basis of this suit, was purchased by defendant under a contract . . . by which plaintiff's assignor was to furnish and deliver free to defendant one-third the amount of cement which defendant might order; that defendant ordered fifteen hundred barrels, but plaintiff's assignor and plaintiff have neglected and refused to deliver the five hundred barrels free and that the damages thereby incurred by defendant exceed the amount of plaintiff's claim."

It is conceded that defendant is indebted to plaintiff as the assignee of the cement company in the full amount of his demand and the counterclaim was abandoned in the circuit court. The defense there inter-

posed was that the unliquidated damages sustained by defendant in consequence of the breach by the cement company of its contractual agreement to deliver free of charge fifty barrels of cement for each one hundred barrels ordered by defendant, exceeded plaintiff's demand and were a proper subject of recoupment. The court accepted this view and refused declarations of law asked by plaintiff "that under the pleadings and agreed statement of facts defendant is not allowed to recover upon its counterclaim or recoupment filed herein" and that "plaintiff's action is based on an assigned account for the purchase price of cement and the defense herein is not a set-off within the meaning of the law, but is for unliquidated damages and cannot be considered as a legal defense to plaintiff's cause of action."

The statutes relating to actions in justice courts provide (sec. 7411, R. S. 1909) that "the defendant may unite in his defense as many grounds of defense, including off-sets and counterclaims as he may have. . . ." This statute has remained unchanged since 1889 (see sec. 6137, R. S. 1889) when sec. 2850, R. S. 1879, which provided that "the defendant may unite in his defense as many grounds of defense including offsets as he may have" was amended by inserting after "offsets" the words "and counterclaims." Before this amendment the quoted clause remained unchanged on the statute books for many years (see R. S. 1855, p. 929, sec. 5) and it was the opinion of the courts that it did not authorize the filing of any counterclaim not of the nature of a set-off in an action in a justice court (Flesh v. Christopher, 11 Mo. App. l. c. 489) and that since the provisions of the Practice Act relating to counterclaims (sec. 1897, R. S. 1909) do not apply to practice before justices of the peace, "a defendant's counterclaim must be supported, if at all, as a defensive recoupment, or mere right of reduction of damages." [Emery v. Railway, 77 Mo. l. c. 349.]

Obviously the amendment of 1889 was prompted by the decision in the Emery case which was rendered in 1883, and was intended to give defendants in justice courts the benefit of the Practice Act relating to counterclaims insofar as that Act properly could be fitted to the restricted jurisdiction of such courts. Consequently a defendant not only may avail himself of a set-off or defensive counterclaim but also, within the scope of the jurisdiction of the court, may seek affirmative relief against his adversary upon an independent cause of action belonging to a class for which a counterclaim is allowed by section 1807, R. S. 1909, which first appeared in our statutory law in 1855 (sec. 13, p. 1233, R. S. 1855) and was borrowed from the New York Code.

This statute provides that a counterclaim, whether of a defensive or aggressive nature "must be one existing in favor of a defendant and against a plaintiff" and consequently does not authorize the filing of a counterclaim of either nature in an action where the plaintiff is the assignee of the person against whom the defendant claims to have a cause of action. The statutory counterclaim must consist of a cause of action which defendant might have made the subject of a separate suit. [Estate Co. v. Arms Co., 110 Mo. App. 406.] When a right of a defendant against a plaintiff is not a matter of set-off and "falls short of constituting a cause of action, it belongs to the class of partial defenses in reduction or mitigation of damages and ought to go by the name of reduction of damages." [Emery v. Railway, supra, l. c. 346.] It is neither a statutory counterclaim nor is it a matter of recoupment since, as stated in the Emery case "no right of recoupment as understood in modern times, or counterclaim can exist in the absence of a cause of action in favor of the defendant."

We are bound by this definition which is the latest utterance of the Supreme Court on the subject, though

it seems to draw a distinction not recognized in the earlier decisions. In Grand Lodge v. Knox, 20 Mo. 434, decided before the advent of our statutory counterclaim, Judge LEONARD wrote an interesting opinion in which he recounted the historical origin and growth of the doctrine of recoupment which was adopted from the civil law and incorporated in common-law jurisprudence for the purpose of preventing a multiplicity of suits growing out of the same transaction. At first, recoupment "was a mere right of deduction from the amount of the plaintiff's recovery on the ground that his damages were not really as high as he alleged," but at the time Judge LEONARD was writing he found that the American courts "now go the full length of declaring, all matters of counterclaim arising out of the same transaction, and not technically the subject of set-off, can be set off by way of recoupment of damages, provided the defendant had been properly apprised of the defense." In other words whether the right of the defendant was merely defensive or was affirmative, i. e., a separate cause of action, it was a matter of recoupment under the definition of Judge LEONARD while under the definition quoted from the Emery case it was not a right of recoupment if merely defensive and should "go by the name of reduction of damages." Naturally this definition led to the conclusion that since there could be no right of recoupment in the absence of a cause of action in the defendant "the counterclaim of our Practice Act (which deals only with causes of action) includes everything which in modern times goes under the name of recoupment proper."

Consequently it must be said that whenever it appears that the right a defendant asserts against a plaintiff consists of a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action, it must be regarded as a

statutory counterclaim which in our practice has superseded the common-law right of recoupment and cannot be allowed in an action prosecuted by the bona-fide assignee of the person against whom the right exists.

We think the right asserted by defendant is a cause of action which he could have made the subject of an independent suit against the cement company. Certainly it does not go "to abate or reduce the amount claimed (by plaintiff) by showing a partial failure of consideration." [Emery v. Railway, supra, l. c. 350.] Defendant admits he owes the full amount of plaintiff's demand and has no defense thereto. He does claim that the coal company owes him a greater sum in unliquidated damages for the breach of a reciprocal contractual promise. The right is not a matter of set-off since the damages are unliquidated (Brokerage Co. v. Campbell, 164 Mo. App. 8) but is a counterclaim which cannot be asserted against the assignee of the cement company. The declarations of law asked by plaintiff were improperly refused and judgment should have been rendered for plaintiff. The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff in accordance with the views expressed.

All concur.