[L. A. No. 4144.    Department One.—June 24, 1918.]

## J. H. WHITNEY, Respondent, v. W. H. A. SHERMAN, Appellant.

APPEAL—SUGGESTIONS OF FRAUD—WHEN NOT CONSIDERED.—If fraud was not claimed or pleaded, arguments based on suggestions of fraud will not be considered on appeal.

DEEDS—DELIVERY IN ESCROW—PASSING OF TITLE.—Under the general rule regarding the passing of title by deeds put in escrow, as prescribed by section 1057 of the Civil Code, no title passes until the condition is so far performed that the grantee is entitled to the possession of the deed, except where the condition is certain to occur regardless of any act of the parties, and such exception does not apply to a case where the fulfillment depends upon the conduct of the grantee.

ID.—ABANDONMENT OF ESCROW—DELIVERY OF DEED INEFFECTUAL.— Delivery of a deed in escrow becomes ineffectual for any purpose when the parties abandon the escrow.

ID.—SUBSEQUENT DELIVERY OF DEED—TIME OF PASSING TITLE.—A deed which is delivered to the grantee subsequent to the abandonment of an escrow in which it had been deposited becomes effective only from the date of such delivery and passes the title as of that date.

ID.—SALE OF INTEREST IN PROPERTY—DEED IN ESCROW—SUBSEQUENT RECORDATION OF JUDGMENT AGAINST GRANTOR—LIEN NOT CREATED.— Where an owner of real property deposits a deed thereto in escrow with instructions to deliver to the grantee upon payment of the purchase price, and thereafter, but prior to the abandonment of such escrow, sells all of his interest in the property to another, the subsequent recordation of a judgment against such original owner creates no lien on the property.

ID.—EXECUTION SALE—RIGHTS OF PURCHASER—CONSTRUCTIVE NOTICE.— Where subsequent to the recordation of such judgment but prior to execution sale thereunder, the deed conveying the legal title of the judgment debtor is placed of record, such judgment debtor having divested himself of all beneficial interest prior to the recordation of the judgment, the purchaser at the execution sale is charged with notice of such deed, and therefore acquires no interest in the land.

JUDGMENT—LIEN ON REAL PROPERTY—EQUITABLE TITLES OF THIRD PERSONS.—When a judgment creditor records his judgment in another county in which there are lands of the judgment debtor, he obtains thereby a lien on the lands, but no rights in the lands as against outstanding unrecorded deeds or latent equitable titles of third persons.

EXECUTION SALE—UNRECORDED DEED—NOTICE—RIGHTS OF EXECUTION PURCHASER.—A purchaser of land sold under execution on a duly

recorded judgment acquires title to the land which is prior to any unrecorded deed or equitable rights of which he has no notice, actual or constructive; but if he has notice thereof, he takes subject thereto.

Id. — Constructive Notice — Possession.—Possession is constructive notice to a purchaser of land at an execution sale, sufficient to put him on inquiry as to the rights of the person in possession and those under whom he is claiming.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, for Appellant.

C. G. Selleck, for Respondent.

SHAW, J.—The defendant's appeal is from the judgment. The complaint states a cause of action to quiet the title of plaintiff to a parcel of land in San Diego County against the alleged unfounded claims of the defendant.

Both parties derive title from one G. H. Lewis. It was agreed at the trial that Lewis was the owner of the lots on August 22, 1911. Plaintiff's chain of title from Lewis is as follows: On August 22, 1911, Lewis signed and acknowledged a deed purporting to convey said lot to Roberta E. Hiles. The deed was not then delivered to the grantee, but, together with a contract of the same date by Lewis to sell the lots to Roberta E. Hiles, was deposited in escrow with the Marine National Bank, with written instructions by Lewis to the bank to deliver the deed to Hiles on payment of the full price in accordance with the terms of the contract. The contract provided that the price was one thousand three hundred dollars, and that the buyer was to pay the same in monthly installments of ten dollars each, until the price was fully paid. Up to February 15, 1913, payments were made thereon amounting to $312.30. No more was ever paid. The escrow instructions provided that if said buyer failed to make the payments as stipulated, all the papers in escrow were to be returned to Lewis. On February 16, 1913, Lewis and Hiles went to the bank and there abandoned the escrow, and all the papers in escrow, except the instructions, were then taken by Lewis and Hiles to the office of Mr. Mossholder, in San Diego, and left with him. The court below found that prior to the recording of the judgment hereinafter referred to,

Lewis sold his interest in the lots to his father-in-law, Slocum, for one thousand dollars, which was paid to him in cash. There was evidence sufficient to support this finding. After the escrow was abandoned, Slocum in some manner transferred his interest in the lots to Whitney. On April 10, 1913, Hiles executed and delivered a deed purporting to convey the lots to plaintiff, Whitney. On April 19, 1913, Whitney executed a contract to sell the lots to Hiles for $1,073.73, payable in monthly installments of ten dollars each, thereafter. Said sum was the estimated amount of principal and interest unpaid on the sale of August 22, 1911, by Lewis to Hiles. The deed of August 22, 1911, from Lewis to Hiles, was delivered to Hiles immediately before the execution of the deed by Hiles to Whitney on April 10, 1913, and it was recorded on April 21, 1913. The evidence shows that the delivery was made by Mr. Whitney, not by Lewis.

The defendant's chain of title from Lewis is much simpler.

On January 31, 1913, he recovered a judgment against Lewis in the superior court of Los Angeles County for $3,750. A certified copy of this judgment was duly recorded in the office of the county recorder of San Diego County on February 15, 1913, which, it must be noted, was one day prior to the abandonment of the Lewis-Hiles escrow. Execution was issued on this judgment and pursuant to regular notice the lot was sold thereon to defendant on April 26, 1913, for five hundred dollars credited on the judgment. There was no redemption, and a sheriff's deed thereon was duly executed to defendant on April 30, 1914.

The defendant does not claim that he has, by any pleading, set up in defense the charge that the deal whereby the interest of Lewis was sold to Whitney, the escrow deed delivered by Whitney to Hiles, the lots reconveyed by Hiles to Whitney, and the new agreement of sale executed by Whitney to Hiles, was a scheme carried out with the intent to defraud him, and were therefore void, as against him. The intimations to that effect in his brief must, therefore, be disregarded.

His principal claim is that his judgment became a lien on the title of Lewis to the land prior to the acquisition of any right or interest in the land by Slocum, Hiles, or Whitney, and, hence, that his title under the execution sale thereon is paramount to the title of Whitney. The judgment became a lien on whatever title Lewis had in the land on February 15,

1913. The evidence shows that the sale by Lewis to Hiles was abandoned and, in effect, canceled, and that the deed whereby it was to be consummated was taken by Lewis on February 16, 1913, and afterward delivered to Hiles. If Lewis held the beneficial interest, as well as the title, when he took the deed from escrow, the judgment would be a lien thereon and the title of defendant under the sheriff's deed would prevail.

The general rule regarding the passing of title by deeds put in escrow is stated in the Civil Code, section 1057, as follows: "A grant may be deposited by the grantor with a third person, to be delivered on performance of a condition, and, on delivery by the depositary, it will take effect."

Under this rule no title passes until the condition is so far performed that the grantee is entitled to the possession of the deed. There is an exception to this rule where the condition upon which the deed is to be delivered is one which is certain to occur regardless of any act of the parties, such, for example, as the death of the grantor. In those cases it has been held that the title to the property passes to the grantee at the time of the deposit of the deed in escrow, subject, however, to a life estate in the property in the grantor. (*Bury* v. *Young,* 98 Cal. 450, [35 Am. St. Rep. 186, 33 Pac. 338]; *Husheon* v. *Kelley,* 162 Cal. 660, [124 Pac. 231]; *Williams* v. *Kidd,* 170 Cal. 637, [Ann. Cas. 1916E, 703, 151 Pac. 1].) But that exception, as was explained in *Bury* v. *Young,* "results unavoidably from the certainty of the event upon which the second delivery is made to depend, and the impossibility under the circumstances that the grantor would ever be able to recall or repossess himself of the deed." To the same effect, see *Prutsman* v. *Baker,* 30 Wis. 650–652, [11 Am. Rep. 592]; *Cook* v. *Brown,* 34 N. H. 460. In the present case the condition was not certain of fulfillment, and it depended upon the conduct of the grantee. To such a case the exception does not apply.

The delivery of the deed in escrow became ineffectual for any purpose when the parties abandoned it. The subsequent delivery by Whitney in April, after he had become an equitable owner of the interest of Lewis in the lots, was not a delivery in pursuance of the escrow instructions, and it became effective only from the time of such delivery. It passed the title of Lewis as of that date and not before. It did not relate back to the time of the delivery in escrow.

At the time of the recording of the judgment Slocum was the equitable owner of the title to the lots, subject to the rights of Hiles under the escrow agreement. When the judgment creditor records his judgment in another county in which there are lands of the judgment debtor, he obtains thereby a lien on the lands, but no right in the lands as against outstanding unrecorded deeds or latent equitable titles of third persons. (2 Freeman on Judgments, sec. 357.) If execution issues on such judgment and a sale takes place thereon, the execution purchaser will acquire title to the land which will be prior to any unrecorded deed or rights of equitable owners of which he has no notice, actual or constructive. But if he has notice thereof, he will take subject thereto. (*Foorman* v. *Wallace,* 75 Cal. 552, [17 Pac. 680] ; *Bank of Ukiah* v. *Petaluma S. Bank,* 100 Cal. 590, [35 Pac. 170] ; *Wilhoit* v. *Lyons,* 98 Cal. 409, [33 Pac. 325].) At the time the defendant purchased the land at the execution sale on his judgment, the deed of Lewis to Hiles, dated in August, 1911, was on record. It gave constructive notice of its contents to all subsequent purchasers. The date of that deed would at least put them on inquiry as to the time of delivery, the presumption being that a deed is delivered on the day of its date. Furthermore, Hiles took possession of the lots in August, 1911, and remained in actual possession and occupancy from that time until the purchase by Sherman in April, 1913. At the time of the execution sale she was holding under a contract of purchase from Whitney, and her possession inured to the benefit of Whitney and operated to give constructive notice to any purchaser of the lots sufficient to put him on inquiry as to her rights, and those of Whitney, in the land, (*Morrison* v. *Wilson,* 13 Cal. 500, [73 Am. Dec. 593] ; *Dreyfus* v. *Hirt,* 82 Cal. 625, [23 Pac. 193] ; *Scheerer* v. *Cuddy,* 85 Cal. 272, [24 Pac. 713] ; *Beattie* v. *Crewdson,* 124 Cal. 577, [57 Pac. 463].) There is no evidence tending to show that Sherman was not aware of the rights of the parties under the transfer from Lewis to Slocum at the time he made his purchase on the execution sale. He testified that he had no knowledge thereof at the time his judgment was recorded, but gave no evidence that he had not received actual notice thereof prior to his purchase. Under all these circumstances the title of Sherman under his sheriff's deed is subject to the superior rights of Whitney. Slocum paid an adequate consideration at the time of his purchase from Lewis, the con-

sideration of the sale from Slocum to Whitney has not been impeached, and is presumed to be sufficient. In any event, Whitney could rely upon the consideration paid by Slocum for the lots, and would be subrogated to his rights, even if he had received the lots as a gift. The delivery of the deed of Lewis to Mrs. Hiles, and her deed to Whitney, vested the title in Whitney free from all rights of the defendant under the sheriff's deed. For these reasons we are of the opinion that the court below properly decided in favor of the plaintiff.

The judgment is affirmed.

Sloss, J., and Richards, J., *pro tem.*, concurred.