[L. A. No. 8937. In Bank.—April 24, 1928.]

In the Matter of the Application of HERBERT O. REED et al., for Initial Registration of Title to Land. FREDERICK S. SHOOTER, Respondent, v. HELEN T. PEAIRS, Appellant.

James W. Bell for Appellant.

Wilson & Snow and S. Lackman for Respondent.

RICHARDS, J.—This proceeding had its inception in an application filed in the superior court, in and for the county of Los Angeles, by one Herbert O. Reed and ten other applicants, among whom was the respondent herein, Frederick S. Shooter, to have their and each of their respective titles to certain lots or parcels of land registered and certified under the provisions of the initiative law adopted by the people of the state of California at the general election held November 3, 1914, entitled: ''An Act to amend an Act entitled 'An Act for the Certification of Land Titles and the Simplification of the Transfer of Real Estate,' approved March 17th, 1897.'' (Stats. 1915, p. 1932.) Due notice having been given of said application, the appellant herein, Helen T. Peairs, who was alleged in the application to claim some right or interest in one of the parcels of land described in said application, appeared to contest the title of the respondent to said parcel of land and his right to the registration thereof under said act. The trial court, when the issues were thus made up and the proceeding called for trial, made an order of reference to the official referee to take evidence and report to the court. The parties appeared before the referee and a hearing was held by him without objection, during which such testimony and evidence as the respective parties wished to present were offered, and the matter being submitted the referee made his report embodying such evidence, together with his conclusions thereon; whereupon a further hearing was had in the trial court, during which the appellant herein presented her objections to the report of the referee and to certain evidence which had been offered and admitted before him. She did not, however, include among these any objection to the order appointing said referee or to the hearing had before him as such. The trial court overruled the appellant's objections and adopted the report of the referee as its findings in said proceeding, and upon the conclusions of law drawn therefrom found the title to the premises in question

to be in the petitioner, and it thereupon made and entered its decree of registration as prayed for in said application. It is from said decree that this appeal has been taken.

The first contention which the appellant urges upon this appeal is that the trial court was in error in ordering a reference in this proceeding for the alleged reason that there is no express authority to be found in the initiative act under which this proceeding was instituted for the appointment of a general referee. We are of the opinion that this objection is without merit for two main reasons, the first of which is that the proceeding for registration of land titles under the said initiative law is in the nature of a special proceeding over which the superior court has been given jurisdiction under the provisions of that law, and is also in the nature of an equitable proceeding analogous to an action to quiet title, and hence is such a proceeding as comes within the contemplation of section 638 et seq. of the Code of Civil Procedure, which provides for references and trials by referees, and particularly section 639 thereof, which provides that "When the parties do not consent the court may, upon the application of either, or of its own motion, direct a reference in the following cases: 4. When it is necessary for the information of the court in a special proceeding." This subject was exhaustively considered by this court in the case of *Frances Inv. Co.* v. *Superior Court,* 189 Cal. 107 [208 Pac. 105], wherein it was definitely decided that a proceeding under the Torrens Land Title Act was in substance and effect an action to quiet title. The additional reason why the objection of the appellant herein to the order of reference made by the trial court is without merit is that no objection was made by the appellant to the making of said order, nor was any such objection urged by her before the trial court at the time of the hearing upon the report of the referee, nor at the time of making and entry of the decree of the trial court based thereon.

The appellant's next and main contention is that the conclusions of law and the judgment made and entered thereon from which this appeal has been taken is unsupported by the evidence in the case. A review of such evidence and of the rulings of the trial court made thereon becomes necessary in order to determine this contention. The

title to the premises involved in this appeal was acquired by one Peter McMahon in the year 1887. He allowed the taxes assessed thereon to become delinquent through several years, as a result of which the property was sold to the state in 1902 and again in 1908. On April 26, 1910, Frederick S. Shooter, the respondent herein, redeemed said property from all previous tax sales and thereupon received a redemption certificate in due form. It does not appear from this record by virtue of what right or interest in said premises Shooter exercised the privilege of paying said delinquent taxes or of receiving said redemption certificate. But, however that may be, after the issuance thereof to him, and on the twenty-eighth day of June, 1910, Shooter by quitclaim deed conveyed all his right, title, and interest in the property in question to one John R. French, who shortly thereafter commenced an action in the superior court in and for the county of Los Angeles to quiet his title thereto, in which action the said Peter McMahon was made a party defendant and was personally served with process. He failed to appear or to answer and his default was duly entered, and thereafter and on December 8, 1910, after a hearing before said court, judgment was rendered and entered in said action in favor of said French and against said McMahon, and in which the court adjudged and decreed that said French was the owner of said property, and that the adverse claims of said McMahon and all other persons claiming or thereafter to claim said premises under him were declared to be invalid. ■ The record discloses that just before the date of the commencement of said action said John R. French had made and signed a quitclaim deed of said property to said Frederick S. Shooter, and that he had handed said deed to one C. C. Grove, as his agent, with instructions to deliver it to Mr. Shooter if and after a decree in favor of French was entered in said action. It is one of the contentions of the appellant that the said conveyance of French to Shooter, being a quitclaim deed, conveyed no other or further title to the latter than that which the grantor named therein had upon the date of the making and execution of said conveyance, and hence that whatever right or title in or to said premises was gained by the making and entry of the decree in his said action to quiet title against McMahon was in the nature of an after-ac-

quired title, which did not pass to Shooter under the terms of said quitclaim deed. We are of the opinion, however, that the delivery of said deed to Grove, the agent of the grantor, with instructions to complete the delivery thereof by handing the same to Shooter after the entry of the said decree was in the nature of an escrow, and that it was clearly not the intention of the grantor in said deed that the same should be operative as a present conveyance at the time of his delivery thereof in said escrow, and that this being so the doctrine of relation cannot be held to apply to such a conveyance, and that whatever title was intended thereby to be transferred by French to Shooter must be held to have become effective as such transfer at the time of the final delivery of said conveyance to the grantee named therein. This question seems also to be fully covered by our decision in the case of *Whitney* v. *Sherman*, 178 Cal. 435 [173 Pac. 931], wherein the provisions of section 1057 of the Civil Code are given application to such a case as this, and wherein it is held, in conformity with said section of the code, that a grant in escrow upon condition takes effect upon the performance of such condition and upon its delivery by the depositary to the grantee. It follows that whatever right or title in and to said premises the plaintiff in said action to quiet title gained thereby as against the defendant McMahon and his successors in interest passed to the respondent herein upon the delivery of said quitclaim deed and became, as against the latter, an absolute title when said judgment became final. Thereafter and on February 7, 1912, one William J. Farrow received a quitclaim deed to said premises from said McMahon, which he recorded and which deed forms the foundation of whatever right or title Helen T. Peairs, a subsequent grantee of said Farrow, has since asserted and now asserts to said premises. On September 14, 1921, Helen T. Peairs, as the grantee of said William J. Farrow, commenced an action in the superior court, in and for the county of Los Angeles, against Frederick S. Shooter, wherein she sought to have her title quieted and to have it declared that she was the owner in fee of said premises, and that said Shooter had no right, title, or interest therein. This cause came on for trial in said court on January 30, 1923, and after a full hearing thereon the court made and entered its decree dated

November 24, 1923, wherein it was declared and decreed that Helen T. Peairs "is not now and never was the owner or entitled to the possession of all or any portion of the premises involved in said action." No appeal having been taken from said judgment it in due time became final. Upon the hearing of the instant proceeding before the referee the records, respectively, of the two foregoing cases and of the judgments made and entered therein were offered in evidence in support of the title of said Shooter and in opposition to the claim of title of the appellant herein, and were admitted in evidence both upon said hearing and before the trial court upon the report of the referee, and apparently formed the basis of the findings and judgment of the trial court in this proceeding, to the effect that the applicant Shooter was the owner of the title in fee to said premises, and that Helen T. Peairs, the appellant herein, had no right, title, or interest therein.

That these two judgments are conclusive upon the question of the ownership of the record title to said premises by the respondent, Shooter, and of the total absence of any right or title of the appellant therein we entertain no doubt. The appellant does not seem to seriously contend that said judgments are not final and conclusive in so far as they relate to any title which she might assert in said premises or any portion thereof as the successor in interest of said McMahon. Her contention at the final analysis seems to be that since the record is silent as to the original source of the respondent's right to redeem the premises in question from the several tax sales to the state of California, the title to said premises still remains in the state, and hence that said Shooter has shown no right to the registration of said title in favor of himself as the owner of said premises. Whatever right, if any, the state might have asserted in said premises at any time would seem to be utterly immaterial. As between the plaintiff French in the aforesaid action to quiet title and said McMahon, and hence his successors in interest, the question of the foundation of the title of said Shooter and of his right to redeem said premises from the sales thereof to the state was finally set at rest by the terms of the judgment and decree in said action, and was again determined and set at rest in the subsequent suit to quiet title to the same premises instituted

by Helen T. Peairs as the successor in interest of said Mc-Mahon against the respondent herein. By virtue of these two judgments the appellant herein was fully and finally concluded from asserting any title in herself to said premises in the instant proceeding, and whatever the strength or weakness of the original right and title of the respondent, Shooter, in and to said premises, it was sufficient to form the foundation of the judgment and decree of the court in the instant proceedings as against one who had been finally concluded by the foregoing judgments from asserting any right or title in or to said premises or any portion thereof.

The motion to dismiss the present appeal might well have been granted upon the ground that the appellant was not a party aggrieved by the judgment appealed from, but we have preferred to consider and decide this cause upon its merits.

The judgment is affirmed.

Shenk, J., Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.