[Civ. No. 4536. Third Appellate District.—February 11, 1932.]

LeCOMPTE DAVIS et al., Respondents, v. WILLIAM H. PERRY, Appellant.

Benjamin Hoyt Sheldon for Appellant.

Henry G. Bodkin and W. J. Ford for Respondents.

PARKER, J., *pro tem.*—This is an action to quiet title to real estate situate in San Diego County. A large number of defendants were brought in, but the real controversy was between plaintiffs and the appellant above named. From a decree in favor of plaintiffs, defendant William H. Perry has appealed.

The complaint is in the usual form, setting up the ownership in fee by plaintiffs and that defendants claim some right, title or interest adverse, wholly without right and a prayer for a decree adjudicating those claims and such other relief as usually follows. Defendant William H. Perry alone answers. The answer is brief. It denies title in plaintiffs; admits the claim of defendant and alleges that each and every claim of plaintiff is subsequent and inferior to his interest and asks that his title be decreed.

All parties claim title through a common source. The property here involved was owned by one Clarence D. Hillman and it is agreed that the fee rested in him on October 14, 1916. We will therefore commence from that date. The title is, as indicated, in Hillman. About this time a person named Durbin instituted an action in the Superior Court of Los Angeles County against Hillman and sued out a writ of attachment. This writ was levied against the interest of C. D. Hillman in and to the property in which we are now interested.

On May 4, 1917, judgment was entered for plaintiffs in the action and on May 12, 1917, a transcript thereof was recorded in San Diego County. An appeal was taken from the judgment and on August 20, 1917, the appealing defendants filed a *supersedeas* bond, not only staying the execution but by its terms obligating the sureties to pay the amount of the judgment in case of affirmance or dismissal of appeal.

At this point it may be well to consider the situation as of the date of filing the *supersedeas*. The lien of the judgment and the lien of the attachment on real property are both terminated by the filing of a *supersedeas* bond. (Sec. 671, Code Civ. Proc.; *Brun* v. *Evans,* 197 Cal. 439 [241 Pac. 86].) So we find the property owned by Hillman unencumbered. On April 18, 1919, C. D. Hillman conveyed the property to Estrella Ranch Corporation by a good and sufficient deed which was placed of record in San Diego County on November 17, 1919. On September 22, 1921, a judgment was rendered by the Superior Court in and for Los Angeles County in favor of Davis and Ford (respondents herein) against Hillman. The amount of the judgment was some eight thousand dollars and prior to judgment the lands here involved had been subject to levy of a writ of attachment. On September 28, 1921, in satisfaction of said judgment against Hillman, the Estrella Ranch Corporation conveyed the property here in question, together with other property, to Davis and Ford and this deed was duly recorded in San Diego County on November 9, 1921. The title of respondents, other than Davis, deraigns through Ford. It further appears that on appeal in the case of *Durbin* v. *Hillman,* 50 Cal. App. 377 [195 Pac. 274], the judgment was affirmed and in October, 1921, an abstract of said final judgment was recorded in San Diego County and writ of execution issued thereon on March 3, 1922. Thereafter on April 26, 1922, a sheriff's sale took place and the certificate of sale was recorded on June 8, 1922.

The title of appellant is based on the Durbin judgment and the sale thereunder. No question is raised as to the regularity of the proceedings.

From the foregoing it is apparent that the legal title is in respondents. The appellant sets up no equitable defenses. His answer sets up his title to the property without qualification or without reliance upon any equitable interest. The record indicates, beyond dispute, that at a time when the property stood free and clear from any lien or claim of appellant and at a time when the fee rested in Hillman, the latter vested the title in Estrella Ranch Corporation. From that time on Hillman was out. The corporation, for a good and sufficient consideration, transferred to Davis and Ford, and the respondents acquired title through these last named.

The sole claim of appellant rests upon a judgment against Hillman, the lien of which judgment is subsequent to the transfer from Hillman to the corporation. It is obvious that in the state of the record there could be no actual controversy.

But appellant contends that the Estrella Ranch Corporation was in fact the *alter ego* of Hillman and that the transfer between them was actually no transfer at all and that, therefore, at all times the property and the title thereto was in Hillman and that the recording of the abstracts of judgment prior to the recordation of the conveyance from the corporation to Davis and Ford gives appellant the priority and consequent higher title. This, of course, does involve an equitable defense, the contention of appellant being that the corporation was a trustee for Hillman. Under the practice well recognized in this state such a defense must be specifically pleaded. (*Robinson* v. *Muir,* 151 Cal. 118 [90 Pac. 521]; *Reilly* v. *Wright,* 117 Cal. 77 [48 Pac. 970]; *Milliken* v. *Valencia,* 47 Cal. App. 16 [189 Pac. 1049].) That no such defense was pleaded appears from the record herein.

Appellant urges in this connection that the trial court refused permission to amend the answer and assigns this refusal as error. The nature or extent of the proposed amendment is not set forth in the briefs of appellant. Notwithstanding, we have gone carefully over the entire record and we find nothing to indicate that there was presented to the trial court any definite motion to amend. True, there seems to have been some discussion, noted in the record only as "argument of counsel", but what the argument was we must infer. To repeat, the record completely fails in showing in what respects appellant desired to amend and therefore we cannot say that the court erred in refusing its permission.

In any event, the rule of law regarding a so-called "one man corporation" or as sometimes called a "corporate *alter ego*" is now definitely announced. The law is well settled that, in order to cast aside the legal fiction of a distinct corporate existence, it must appear that the corporation is the business conduit and *alter ego* of its stockholders, and that to recognize it as a separate entity would aid in the consummation of a wrong. In other words, not only must

it appear that one man or two men own the stock and control the policies, but it must also be shown that there is such a unity of interest and ownership that the individuality of such corporation and such person or persons has ceased; and it must further appear from the facts that the observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice. (*Wood Estate* v. *Chanslor,* 209 Cal. 241 [286 Pac. 1001]; *Erkenbrecher* v. *Grant,* 187 Cal. 7 [200 Pac. 641]; *Continental etc. Co.* v. *Rawson,* 208 Cal. 228 [280 Pac. 954].) No such condition is disclosed in the instant case, nor is any element of fraud or injustice apparent. The entire offer of proof, which was properly excluded, went only to the question of ownership of stock and the *alter ego* character of the corporation.

The facts as detailed herein negative fraud, and, indeed, no claim of fraud is urged. The sole claim of appellant is that the rendition of a judgment against Hillman became a lien upon lands standing in the name of the corporation. This, in the absence of any further showing, is tantamount to a claim that a judgment against Smith liens the real estate of Jones. Yet this is practically the claim of appellant as disclosed by the pleadings. If it was, as it seems to be, the contention that the corporation was but the *alter ego* of Hillman the answer should set that up, as required by the authorities hereinbefore cited. And no such defense having been urged, evidence on the point was properly rejected. Considering, in passing, the equities present, the deed from the corporation to Davis and Ford was in consideration of the release and satisfaction of a judgment against Hillman and for a valuable consideration. The appellant still had the undertaking with sufficient sureties to discharge the judgment held by him and there is no showing here that the undertaking was insufficient. ■ Let us assume that it could be shown, under appropriate amendments, that the corporation and Hillman were one and the same, that the corporation was only another name for Hillman and that in all respects the "*alter ego*" theory could be maintained. The most that could be deduced therefrom would be that the deed from the corporation was the deed of Hillman. At the time of its execution there were no liens existing in favor of appellant and no fraud or injustice resulting to

him. Appellant concedes this but argues that if the property, though in the name of the corporation, was actually in the ownership of Hillman, the prior recordation of his judgment made the later recorded deed subject to the judgment lien. It is shown that the deed from the corporation was recorded subsequent to the docketing of the judgment in San Diego County. However, the recordation of the deed was prior in point of time to any proceedings in execution or sale thereunder. The purchaser at the sheriff's sale had full notice of the deed theretofore recorded so we are not concerned with that feature of the case. Irrespective of the fiction of a corporate entity, the complete title had left Hillman before the judgment lien was asserted. The plaintiffs had paid their vendor in full and deed had been delivered on September 28, 1921, antedating the docketing of the judgment.

One who conveys property by an unrecorded deed conveys title which is good as against the grantor and everyone claiming under him, except a purchaser or encumbrancer who in good faith and for a valuable consideration acquired a title or lien by "an instrument first duly recorded". But neither an attachment nor a judgment is an instrument within the meaning of section 1107 of the Civil Code. An unrecorded deed takes precedence over a subsequent judgment against the grantor. (*Hoag* v. *Howard,* 55 Cal. 564; *Iknoian* v. *Winter,* 94 Cal. App. 223 [270 Pac. 999].) The law is well settled that the lien of a judgment does not attach to a naked title but only to the judgment debtor's interest in the real estate; and if he has no interest, though possessing the naked title, then no lien attaches. (*Iknoian* v. *Winter, supra.*) The cases from many jurisdictions are cited in the dissenting opinion of Preston, J. (*Parsons* v. *Robinson,* 206 Cal. 386 [274 Pac. 528].) While referred to as a dissenting opinion, yet on this point there was no division. The main opinion recognized this to be the law, but the holding was that the debtor held more than the naked title. Applying the foregoing to the case at bar, it would make no difference whether plaintiffs' grantors received the deed from Hillman or the corporation in the absence of any claim of fraud.

At the trial it was disclosed that plaintiff Liberty Mortgage Company, a corporation, had not filed its articles of

incorporation in San Diego County. This fact was disclosed when in the course of presenting the proof plaintiffs offered in evidence a deed from Ford to the corporation. The trial court permitted the deed to go in "for identification" and subsequently granted permission to plaintiff corporation to supply the omission by having its articles placed of record, which latter detail was accomplished.

■ Inadvertently, it seems, there was a neglect to have the deed formally put in evidence. Therefore appellant contends there is no evidence upon which to base a decree of title in the corporation. We cannot see how this affects appellant. If the title is not in the corporation it remains in Ford and in no event would it reach appellant.

The judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.