[Civ. No. 13463. Second Dist., Div. Three. Sept. 3, 1942.]

CHESTER HOLMAN, Respondent, v. FLORA TOTEN, Appellant.

Hubert W. Swender and Emanuel & Klein for Appellant.

Herman G. Dobrott for Respondent.

SHAW, J., pro tem.—The defendant appeals from a judgment declaring plaintiff to be the owner of a described parcel of land and quieting plaintiff's title thereto against all claims of defendant.

The points made by defendant on this appeal require a consideration of the evidence for their determination. Such consideration is much limited by the form of the record on appeal. The evidence is presented by a bill of exceptions which contains only certain documentary evidence introduced by the respective parties. The bill, after stating the plaintiff's documentary evidence, declares that over defendant's objection the court received testimony—not contained in the bill—which "purported to bear on the question of the validity and sufficiency of a claim of lien filed for record by the defendant" and also recites that there was "further testimony on behalf of the plaintiff." The bill then states defendant's documentary evidence and follows it with a recital that there was "further testimony on behalf of the defendant." In neither case is the nature or purport of the "further testimony" stated. The bill contains but three specifications of insufficiency of the evidence, each of which points to a specified finding; the first two then state that "the documentary evidence adduced at the trial and attached hereto as exhibits does not support or warrant said finding," and the third declares "that the last sentence of said finding is not war-

ranted or supported by the documentary evidence referred to herein and attached hereto as exhibits.'' Such specifications, being limited to the effect of the documentary evidence, while the bill shows that there was other evidence, the nature of which does not appear, are little better than no specifications at all. In the absence of specifications of particulars of insufficiency of the evidence in a bill of exceptions, its sufficiency cannot be considered on appeal. (*Loewenberg* v. *Schneider,* (1939) 14 Cal. (2d) 305, 307 [93 P. (2d) 1014].) Here we can consider the insufficiency of the evidence only to the extent that the documents in evidence may affirmatively show its insufficiency. Several facts which are necessary to support plaintiff's judgment do not appear from these documents, but are not negatived in them. We must presume that the evidence not before us showed the existence of all such facts, so far as they are embraced within the findings.

On November 4, 1940, plaintiff and Perry J. Holliday made an agreement, in the form of escrow instructions signed by them respectively and deposited with Bay District Bonded Escrows, for the exchange of the land here in question by Holliday for other land of plaintiff. The instructions of each party stated that such party would deposit his deed in escrow ''on or before December 4th, 1940.'' Holliday deposited such a deed dated and acknowledged on November 4, 1940. The date of its deposit in escrow does not appear, but we presume in plaintiff's favor that it was made on November 4, and we also presume the non-appearing fact that in due time plaintiff complied with the escrow instructions.

On November 14, 1940, defendant recorded a notice of mechanic's lien against the property to be conveyed to plaintiff by Holliday, and on December 4, 1940, she began, in the Municipal Court of the City of Los Angeles, an action to foreclose that lien, making Holliday, but not plaintiff, a party to the action. At this time, according to a finding not objected to, defendant ''had both actual and constructive knowledge that the plaintiff herein was the owner of said premises.'' Holliday defaulted in this action and thereupon a judgment foreclosing the mechanic's lien was entered on December 27, 1940, by which a commissioner was appointed and ordered to sell the property to satisfy the lien. Pursuant to this judgment the commissioner sold the property to defendant on February 4, 1941, delivered to the purchaser a certificate of sale, and deposited a duplicate thereof in the recorder's office. The

dates of the delivery and recording of the certificate do not appear, but these acts must have occurred on or before February 7, 1941, the date of verification of the commissioner's report of sale, which recites them.

In the meantime the plaintiff, on November 26, 1940, filed in the Los Angeles County Superior Court an action against Holliday and Doe One for specific performance of the agreement of sale made by the escrow instructions above mentioned. Later plaintiff amended his complaint in that action by alleging that he had sued Doe One by a fictitious name and had discovered said defendant to be two persons doing business as "Bay District Bonded Escrows," and substituting their names for the fictitious name. The defendants all made default and on April 14, 1941, a judgment was rendered directing the defendants doing business as Bay District Bonded Escrows to deliver to plaintiff and to Holliday the deeds deposited, to each the deed deposited by the other. The plaintiff later offered Holliday's deed in evidence, so we presume it was delivered to him in accordance with this judgment.

The trial court in this action made findings that "on the 4th day of Nov., 1940, Perry J. Holliday made, executed and delivered to the plaintiff his deed" of the property involved herein, and that "prior to said time [the date of defendant's judgment against Holliday, foreclosing her mechanic's lien] said Perry J. Holliday had conveyed away all of his right, title and interest." Both of these findings are attacked as unsupported by the evidence, the specifications of their insufficiency being the first and third of those above discussed. These findings must be upheld against this attack. It is true, Holliday's deed to plaintiff appears not to have been delivered to plaintiff from the escrow until April 14, 1941. The conditions fixed for its delivery were not such as were certain to happen, and hence title to the property did not pass to the plaintiff merely by reason of the deposit of the deed in escrow. (Civ. Code, § 1057; *Promis* v. *Duke*, (1929) 208 Cal. 420, 425 [281 Pac. 613]; *Whitney* v. *Sherman*, (1918) 178 Cal. 435, 438 [173 Pac. 931]; *Los Angeles City High School Dist.* v. *Quinn*, (1925) 195 Cal. 377, 383 [234 Pac. 313]; *In re Reed*, (1928) 204 Cal. 119, 123 [266 Pac. 948]; *Feisthamel* v. *Campbell*, (1921) 55 Cal. App. 774, 781 [205 Pac. 25]; *Brown* v. *Wilson*, (1928) 89 Cal. App. 764, 766 [265 Pac. 351].) But the deed did become effective to

pass the title as soon as the conditions were so far performed that plaintiff was entitled to possession of the deed, although it was not then actually delivered to him. (*Whitney* v. *Sherman, supra; Cannon* v. *Handley,* (1887) 72 Cal. 133, 140 [13 Pac. 315]; *Newport Bay Dredging Co.* v. *Helm,* (1932) 120 Cal. App. 127, 135 [7 P. (2d) 1039]; *Law* v. *Title Guarantee & Trust Co.,* (1928) 91 Cal. App. 621, 628 [267 Pac. 565]; *Feisthamel* v. *Campbell, supra;* 10 Cal. Jur. 592; 30 C. J. S. 1209, 1216.) ▋ While the time when the plaintiff had performed all the conditions of the escrow so as to become entitled to possession of Holliday's deed does not appear in the record, we must, for the reasons above stated, presume that this occurred on November 4, 1940, the day stated in the finding, which was before defendant began her lien foreclosure action. On this view of the facts and on the law just stated, both of the findings objected to are correct.

▋ Defendant contends that the plaintiff is bound by the judgment foreclosing defendant's mechanic's lien. As already noted, plaintiff was not made a party to the action in which that judgment was rendered, although defendant knew of plaintiff's rights when the action was begun. The California rule is that a judgment "concludes not only the adverse party but also all those claiming under the title which he represented." (*Estate of Clark,* (1923) 190 Cal. 354, 360 [212 Pac. 622].) But, "one who acquired his interest in the matters in litigation from a party before the commencement of the suit . . . is not a successor in interest within the meaning of the rule and is not bound by a subsequent judgment, unless . . . a statute provides otherwise where the transfer has not been recorded as prescribed." (15 Cal. Jur. 194; see also, to the same effect, Code Civ. Proc., § 1908, subd. 2; 34 Corpus Juris 1010-1012, 1014-1015; *Lee* v. *Silva,* (1925) 197 Cal. 364, 373 [240 Pac. 1015]; *People's Home Sav. Bank* v. *Rickard,* (1903) 139 Cal. 285, 296 [73 Pac. 858]; *Warnock* v. *Harlow,* (1892) 96 Cal. 298, 307 [31 Pac. 166, 31 Am. St. Rep. 209]; *Chester* v. *Bakersfield T. H. Assoc.,* (1883) 64 Cal. 42, 43 [27 Pac. 1104].) This rule, although not stated in the same words, was applied to an action to foreclose a mechanic's lien in *Whitney* v. *Higgins,* (1858) 10 Cal. 547, 552 [70 Am. Dec. 748]; *Corbett* v. *Chambers,* (1895) 109 Cal. 178, 184 [41 Pac. 873]; and *Fly* v. *Cline,* (1920) 49 Cal. App. 414, 424 [193 Pac. 615]. Here, according to the finding which must be accepted as true, plaintiff's title to the

property vested before defendant's suit was commenced and he is therefore not bound by the judgment, under the general rule above quoted from California Jurisprudence.

Defendant has no superior right by reason of the fact that her purchase of the property at the sale under her judgment was made and the certificate thereof was recorded before plaintiff's deed was recorded—a fact which appears only on the perhaps well founded assumption that plaintiff's deed was not recorded before the rendition of the judgment requiring its delivery to him. The provisions of sections 1107 and 1214 of the Civil Code giving effect to a deed which is subsequent in execution but prior in recording are limited to purchasers for a valuable consideration and in good faith, that is, without notice of the prior, but unrecorded, deed. (*March* v. *Pantaleo*, (1935) 4 Cal. (2d) 242, 243 [48 P. (2d) 29] ; *Whitney* v. *Sherman*, (1918) 178 Cal. 435, 439 [173 Pac. 931].) Here the undisputed finding above mentioned shows that at the time of her purchase defendant had both actual and constructive notice of plaintiff's deed.

Defendant contends, however, that there is a statute which makes the plaintiff subject to the judgment, thus attempting to bring the case within the qualification of the rule from 15 Cal. Jur. 194. The statutory provision thus invoked is the part of section 726 of the Code of Civil Procedure reading as follows: "No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action need be made a party to such action, and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been a party to the action." Obviously this provision is not by its own terms applicable to the foreclosure of a mechanic's lien, for the subject matter of section 726 is the foreclosure of mortgages, only; and the provision quoted speaks only of such foreclosures. But, says defendant, it is made applicable to the foreclosure of mechanic's liens by section 1198 of the Code of Civil Procedure, which is part of a special chapter providing for the enforcement of mechanic's liens and reads as follows: "Except as otherwise provided in this chapter, the provisions of part two of this code are applicable to, and constitute the rules of

practice in, the proceedings mentioned in this chapter."
Looking at "part two of this code," we find that it includes
section 726; hence, argues defendant, section 1198 makes the
quoted provision of section 726 applicable to the foreclosure
of mechanic's liens. We think the cross reference of section
1198 cannot be so broadly interpreted.

The Code of Civil Procedure is divided into four parts, of
which Part II is entitled "Civil Actions." Part II is now
divided into twelve "titles," of which the first nine and the
last two relate to civil actions generally and have headings
so indicating, except the last, which is headed "Miscellaneous
Provisions." Title X of Part II is headed "Actions in Par-
ticular Cases" and consists of six chapters, entitled as fol-
lows: Chapter I. "Actions for Foreclosure of [Trust Deeds
and] Mortgages." Chapter II. "Actions for Nuisance,
Waste, and Willful Trespass, in Certain Cases, on Real Prop-
erty." Chapter III. "Actions to Determine Conflicting
Claims to Real Property, and Other Provisions Relating to
Actions Concerning Real Estate." Chapter IV. "Actions
for Partition of Real [and Personal] Property." Chapter V.
"Actions for Usurpation of an Office or a Franchise." Chap-
ter VI. "Actions Against Steamers, Vessels, and Boats."
Section 726, which defendant claims as applicable here, is in
Chapter I of Title X of Part II. Section 1198, on which
defendant relies to adopt section 726, is part of a title denom-
inated "Enforcement of Liens," and this whole title is in
Part III of the Code, which is headed "Special Proceedings
of a Civil Nature" and contains a variety of provisions, relat-
ing, with other matters, to writs of mandate, review and pro-
hibition, to forcible entry and unlawful detainer proceed-
ings, and to eminent domain. In the provisions covering the
proceedings just enumerated there are sections identical with
section 1198. (§§ 1109, 1177, 1256.) Evidently a common pur-
pose was to be carried out by all of these sections. That purpose
was to make the "rules of practice" in all of these special pro-
ceedings identical, so far as not otherwise specially provided,
with those prevailing in civil actions generally. That purpose
would not be furthered by applying to such special proceed-
ings the special rules of practice found in Title X of Part II
for "actions in particular cases." Those rules are appli-
cable in detail to a heterogeneous group of actions, and among
them are many rules which, like section 726, could be applied
to some special proceeding by merely ignoring or changing

some of their words for that purpose. The general rules contained in Part II of the code need no such tailoring to fit them to any particular special proceeding and they constitute the "rules of practice" which are intended by section 1198 and its counterparts. Section 726 is not among those so adopted. The framers of the code apparently held the same view of the matter, for in the original code of 1872 section 1195 (one of the sections specially relating to the enforcement of mechanic's liens) contained a provision for the docketing of a deficiency judgment in mechanic's lien foreclosure actions "as in actions for the foreclosure of mortgages." This specific reference was made although section 726, then as now, contained provision for deficiency judgments in mortgage foreclosure cases, and section 1198 read then as it does now. This special provision for deficiency judgments in mechanic's lien cases is still in the code, but by amendment made in 1874 it was moved from section 1195 to section 1194, where it now is. (Code Amendments 1873-1874, p. 412.) We have assumed, for the purpose of this discussion, that plaintiff's deed from Holliday was not recorded before defendant's foreclosure action was begun. There is no direct evidence on the subject, but from the fact that plaintiff sought and obtained, long after the foreclosure suit was begun, a judgment for the delivery of the deed to him, the inference seems strong that up to the time of that judgment the deed had not been delivered or recorded.

The provision of section 1214 of the Civil Code making a conveyance of real property void "as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action" is not operative here. It is limited by its terms to cases where a notice of action is recorded (see *Moore* v. *Schneider*, (1925) 196 Cal. 380, 392 [238 Pac. 81]; *Taylor* v. *Chapman*, (1936) 17 Cal. App. (2d) 31 [61 P. (2d) 476]) and the record here does not show the recording of such a notice by defendant. Hence the case remains subject to the rule that "An unrecorded deed takes precedence over a subsequent judgment against the grantor. (*Davis* v. *Perry*, (1932) 120 Cal. App. 670, 676 [8 P. (2d) 514].)

Since plaintiff was not bound by defendant's foreclosure judgment, the court did not err in permitting plaintiff to produce evidence in contravention of the judgment to show

that in fact defendant had no lien on the property. (*Fly* v. *Cline, supra,* (1920) 49 Cal. App. 414, 424 [193 Pac. 615].) That evidence is not in the record and we must therefore presume that the finding showing that she had no lien was adequately supported thereby.

The judgment is affirmed.

Schauer, P. J., and Shinn, J., concurred.