**H. Earl GREEN, Appellant,**

v.

**George S. HUCKSTEP, Respondent.**

No. 54080.

Supreme Court of Missouri, Division No. 2.

Nov. 10, 1969.

Rehearing Denied Dec. 8, 1969.

L. Glen Zahnd, Newhart & Zahnd, Savannah, for appellant.

Frazier Baker, Baker, Holt & Krumm, Fulton, for respondent.

PRITCHARD, Commissioner.

This is an action filed October 8, 1966, to recover an unpaid check in the amount of $17,000.00. Trial was to the court which resulted in a judgment for defendant on plaintiff's claim.

On July 5, 1966, defendant, George S. Huckstep, with Doyle L. and Shirley Ann Spangler, as buyers made a contract to purchase 653 acres of land in Andrew County, Missouri, from Francis J. and Mildred M. Busch, husband and wife, as sellers. The purchase price was recited to be $170,000.00, of which $17,000.00 was to be paid in cash, and the balance upon delivery of a warranty deed. Plaintiff testified that Plaintiff's Exhibit No. 1 is a check in the amount of $17,000.00 drawn upon the Fulton National Bank, Fulton, Missouri, given as earnest money by Mr. Huckstep for the purchase of the Andrew County land. Plaintiff saw Mr. Huckstep sign the check, and after he received it plaintiff deposited it in the Home Bank in Savannah, Missouri, in his escrow account. The check was returned July 22, 1966, payment refused. It was later marked "Payment stopped." The check was payable to H. Earl Green, Escrow Agent. The parties agreed in the contract for sale that H. Earl Green act as escrow agent to receive sellers' warranty deed, and that buyers should deposit $17,000.00 as part purchase price with the escrow agent, "and that upon the consummation of the sale of the land heretofore described, and said escrow

agent shall deliver said sum of money to the sellers and likewise said General Warranty Deed to the buyers. * * *." At the time the check was given, defendant said that he would have to make some arrangements for some of the money, and asked plaintiff to hold the check for two or three days. Plaintiff deposited the check on July 13, 1966. Plaintiff did not give Mr. Huckstep any money on the check which was given as earnest money. The farm did not belong to plaintiff, but to the Busches, and other than the contract plaintiff gave no property to defendant for the check. The contract for the sale of the real estate provides: "It is further agreed that sellers pay to H. Earl Green Realty broker's commission of As Agreed per cent upon completion of transaction." Plaintiff had a warranty deed held in escrow along with the escrow money. The warranty deed was not delivered to defendant or to anybody for him. Plaintiff sold the farm to someone else three months later for $5,000.00 less than defendant had agreed to purchase it. No money was paid to the Busches in the Huckstep transaction as payment was stopped on the check.

In his capacity as escrow agent, plaintiff brought suit on the check, and pleaded that before he could by the use of reasonable diligence present it for payment, defendant notified the bank not to pay it. The amended answer pleaded that plaintiff was acting as agent for the Busches who were not parties to the proceedings; that no consideration passed from plaintiff for the check; and that plaintiff is not the real party in interest.

As in the case of Gunby v. Hayden, 181 Mo.App. 449, 168 S.W. 899, it does not appear here that plaintiff, as escrow holder, had become liable to anyone for the payment of the money represented by the check (for instance, to the sellers) or any part thereof. It does not appear that the contract was ready to be performed when plaintiff, for the Busches, sold the land about three months after the check was given and payment stopped thereon which

would place defendant in default under the contract. Plaintiff's duties as escrow agent or "trustee" were to both parties for the duration of the contract, and such were governed by the escrow agreement. 30A C.J.S. Escrows § 8, p. 987; Morris v. Davis, 334 Mo. 411, 66 S.W.2d 883, 887 [2, 3] (the escrow agent is the trustee of an express trust); Marvel Industries v. Boatmen's Nat. Bank, 362 Mo. 8, 239 S.W. 2d 346. He was thus required to hold the check (or its proceeds if it had been cashed) for the benefit of sellers, and the warranty deed for buyers until all the conditions of the contract had been performed and the same was ready to be consummated by the parties.

Here facts are not pleaded, and the proof does not show that plaintiff brought suit for another. Indeed, the facts show that the escrow agreement was abandoned by both parties: As to defendant by his act in stopping payment on his check, and as to the sellers, the Busches, by their act, at or about the time this action was filed, in selling the land and thus putting it beyond their power to perform the contract. These facts were known to plaintiff, and any of his obligations under the escrow agreement, "or trust," had ceased. After the Busches sold their land to others, if the check had been delivered from escrow to them it would have been ineffectual for any purpose, 30A C.J.S. Escrows § 9, p. 995, because the escrow was abandoned. See also Whitney v. Sherman, 178 Cal. 435, 173 P. 931; Rockefeller v. Smith, 104 Cal. App. 544, 286 P. 487; and Valentine Oil Co. v. Powers, 157 Neb. 71, 59 N.W.2d 150, 158. Under the facts, the Gunby case, supra, controls: "Plaintiff got no money and lost none. There is no right of recovery shown to be in him, and the judgment was right" (168 S.W. 902).

The judgment is affirmed.

BARRETT, C., not sitting.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.